**In re Anne CLARK.**

**Bankruptcy No. BA 88–63 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

May 16, 1988.

Frederick Wetzel, Mary Jane Pruniski, Little Rock, Ark., for First Federal Sav. of Arkansas, F.A.

A.L. Tenney, No. Little Rock, Ark., trustee.

Anne Clark, pro se.

## ORDER

MARY D. SCOTT, Bankruptcy Judge.

Now before the Court are two Motions to Dismiss the pending Chapter 13 case filed by the Trustee and the sole creditor listed by this debtor, First Federal Savings of Arkansas, F.A. ("First Federal"). The Motions came on for hearing May 11, 1985. The debtor and the Trustee appeared *pro se*. First Federal appeared by counsel, Mary Jane Pruniski, Esq.

After hearing testimony, statements and arguments of counsel, the Trustee and the debtor as well as reviewing all evidence introduced at the hearing in this matter the Court concludes that this Chapter 13 case should be dismissed.

The Trustee contends that the Chapter 13 case should be dismissed because the proposed plan to make one payment sometime within five (5) years is too vague, the schedules and statement of affairs are incomplete or marked "N/A" making it impossible to determine whether the debtor will be able to make the one payment, and generally the plan does not comport with the spirit of Chapter 13 in that it is not a plan to pay creditors.

First Federal, the debtor's only listed creditor, has also filed a Motion to Dismiss. This Motion recites the lengthy history of this creditor's unsuccessful attempt to foreclose a mortgage it holds on real property in which this debtor claims an interest. This Motion also recites a history of a previous 1986 Chapter 13 bankruptcy petition filed by this debtor which was dismissed, as well as one filed separately by her husband, also dismissed, contending that these filings are an abuse of the relief offered by the Bankruptcy Code and were filed for the purpose of delay. First Federal contends that dismissal is warranted since the debtor does not have any regular income and has not disclosed all of the property she owns.

Testimony and exhibits presented at the hearing revealed the following:

1) No payments have been made to First Federal by this debtor or any other person on a note secured by a mortgage on real property in which the debtor claims an interest since January 1, 1985.

2) The balance owing to First Federal on the date of this hearing is $72,894.01.

3) On August 21, 1985 First Federal filed suit seeking to foreclose its mortgage.

4) December 30, 1985, the Chancery Court of Cleburne County, Arkansas entered a decree of foreclosure and a commissioner's sale was set for March 14, 1986. The first sale evidently was not held and the sale was rescheduled for October 31, 1986.

5) On October 30, 1986, Anne Clark, the debtor in this case, filed her first Chapter 13 case in the United States Bankruptcy Court, Eastern District of Arkansas, Batesville Division, (No. BA 86–146F) which was dismissed January 13, 1987 pursuant to 11 U.S.C. § 109 because the debtor failed to appear at a hearing before the Court January 9, 1987 and failed to file completed schedules and statement of affairs for over sixty (60) days.

6) First Federal rescheduled a commissioner's sale for February 27, 1986.

7) On February 24, 1987, Michael Clark, husband of Anne Clark, filed a Chapter 13 case in the United States Bankruptcy Court, Eastern District of Arkansas, Batesville Division, (No. BA 87–24F) and a one page plan was filed March 11, 1987.

8) Michael Clark's Chapter 13 case was dismissed March 9, 1988 because he had not made his plan payment as agreed. The Court concluded that the dispute between the debtor and his one creditor could be resolved at the state court level, there being no reorganization of debts needed which would require the continued time and resources of the Bankruptcy Court.

9) First Federal again rescheduled a commissioner's sale for April 19, 1988.

10) On April 15, 1988, Anne Clark filed the pending Chapter 13 case in the United States District Court, Eastern District of Arkansas, Batesville Division, (No. BA 88–63S).

11) The debtor's schedules do not reveal any personal property although her testimony was to the effect that she owned a Datson automobile and chickens.

12) The debtor's statement of income and expenses is not complete, however, her testimony was to the effect that she has a few chickens and she sells eggs for income which, at best, is different every week but about $3.00 per week.

13) The debtor testified several times that she did not know what information she had provided in her schedules filed with the Court.

11 U.S.C. § 1307(c) provides that on request of a party-in-interest, after notice and a hearing, the Court may dismiss a case under Chapter 13 or convert the case to a Chapter 7, whichever is in the best interests of the creditors and the estate, for cause, and then enumerates a non-exclusive list of reasons including unreasonable delay by the debtor that is prejudicial to the creditors (11 U.S.C. § 1307(c)(1)). 11 U.S.C. § 105(a) also provides that the bankruptcy court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11, and may, even *sua sponte*, take any action or make any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The evidence before the Court as hereinabove set out clearly supports a finding that the case should be dismissed for delay prejudicial to the one creditor in the case as well as abuse of process.

The successful functioning of the Bankruptcy Code hinges both upon the debtor's veracity and willingness to make a full disclosure. Here the omitted material was clearly intentional as the debtor determined that virtually all answers to the petition questions were "not applicable." There is no explanation other than the plan proposal to make one payment in full to the lone secured creditor. Determination of the relevance or importance of a question on a petition is not for the debtor to make; he or she is simply to consider the question

carefully and answer it completely and accurately. *In re Diodati,* 9 B.R. 804 (Bkrptcy D.Mass.1981), *In re Mazzola,* 4 B.R. 179 (Bkrptcy D.Mass.1980).

It is readily apparent that the debtor, who has no bona fide unsecured creditors, merely seeks the protection of the bankruptcy court and the enforcement of the automatic stay to thwart the efforts of one secured creditor attempting to collect a debt found to be past due and owing by a non-bankruptcy court of competent jurisdiction. See, in this regard, *Matter of Mountcastle,* 68 B.R. 305, 306 (Bkrptcy M.D.Fla. 1986).

The Court believes the lengthy history of multiple bankruptcy filings on the eve of foreclosure sales, the existence of only one secured creditor with a debt past due for over 3 years, the nonexistent schedules and statement of affairs in this debtor's first Chapter 13 case, the incomplete schedules and statement of affairs in the second Chapter 13 case as well as the obvious lack of regular and stable income which is required of a debtor to qualify for Chapter 13 relief provide more than sufficient reasons to dismiss this case as an abuse of the court's process. The Bankruptcy Court has under the circumstances the inherent power under 11 U.S.C. § 1307(c) and 11 U.S.C. § 105(a) to dismiss a case filed under Chapter 13. *In re White,* 72 B.R. 169 (Bkrptcy D.S.C.1986), and *In re Pryor,* 54 B.R. 679 (Bkrptcy D.S.C.1985.)

Accordingly, it is hereby

ORDERED that the Chapter 13 case be and hereby is dismissed.

IT IS SO ORDERED.