## In re ALLISON WAREHOUSE AND TRANSFER CO., INC.

### Bankruptcy No. 92–41787S.

United States Bankruptcy Court,
E.D. Arkansas, W.D.

Jan. 20, 1993.

Thomas Womack, pro se.

Jack Sims, Little Rock, AR, for debtor.

Randy Rice, Little Rock, AR, trustee.

Charles Baker, Little Rock, AR, for trustee.

## ORDER STRIKING MOTION FOR ORDER OF SURRENDER

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon two documents submitted to the Clerk for filing by Thomas and Gloria Womack. The first, a "Motion for Order of Surrender,"

was filed on December 4, 1992. The second document is entitled "Application to Proceed In Forma Pauperis, Supporting Documentation and Order" and is dated January 7, 1993. The application appears to be an altered form used in the district court. This document was not filed by the clerk due to an Order signed by the United States Bankruptcy Court for the Eastern and Western Districts of Arkansas, on December 10, 1992, prohibiting the clerk from accepting any papers filed by Thomas Womack without prior written authorization of the Court.[1] That document is made an exhibit to this Order and will not be formally filed by the Clerk. The motion states in full:

1. That the Debtor Allison Warehouse and Transfer Co.. Inc ETAL, *has billed* the said Thomas Womack, Jr and Gloria Womack *as a debtor* for moving and storage fees which Debtor illegally created by unlawfully entering their home without any type of legal authority; in violative of a United States Bankruptcy Court order and in violative of the Bankruptcy Stay from Chapter 13, Case number 88–42637 S. (See attached bill and Court Order)

2. That *Thomas Womack, Jr. and Gloria Womack has not claimed a debt against Debtor*, but debtor has acted premature by listing the said Thomas

Womack, Jr. and Gloria Womack as Creditors.

3. That *debtor's claim of a debt to the said Womacks is moot*, and the stay should be lifted from their name and Debtor ordered to return all of their properties which has been illegally held since August 9, 1990.

4. That *Debtor's action is pretaining to properties* that it has illegally deprived the Womacks of, keeping them under extreme hardship *and not pretaining to a debt owed to the Womacks*.

WHEREFORE, Thomas Womack, Jr and Gloria Womack pray for a order granting an Order of surrender in regards to all of their properties that were removed from their home by debtor and an order granting Thomas and Gloria Womack relief from the stay, and all other just and proper relief.

(Emphasis and errors in original.)

The Motion for Surrender will be stricken as completely unintelligible.[2] The Court cannot even determine from this motion whether the Womacks claim to be a creditor or debtor of the debtor corporation. They appear to deny and assert either status. The Court further notes that the Womacks have failed to state an address to which Orders of the Court or responsive pleadings may be sent.[3]

---

1. The Womacks are well known to the United States Bankruptcy Court located in the Eastern and Western Districts of Arkansas. *See, e.g., In re Thomas Womack*, No. 88–41880 (Bankr. E.D.Ark. filed Sept. 22, 1988) (chapter 13), dismissed, May 8, 1990, *aff'd*, (E.D.Ark. Jan. 8, 1992); *In re Thomas Womack*, No. 88–40630 (Bankr.E.D.Ark. Chapter 13 case filed Mar. 29, 1988) (dismissed Oct. 28, 1988); *In re Gloria Womack*, 88–42637 (Bankr.E.D.Ark, filed Dec. 29, 1988) (Chapter 13), dismissed Mar. 18, 1991, *aff'd*, No. LR–C–91–384 (E.D.Ark.1991); *In re Thomas Womack*, No. 87–41036 (Bankr. E.D.Ark. May 27, 1987) (Chapter 13 filed; case terminated on Feb. 19, 1988 without discharge); *Gloria Womack v. Fleet Mortgage*, No. 90–4078 (Bankr.E.D.Ark. Mar. 2, 1991) (Order of dismissal); *Gloria Womack v. Derwinski*, No. 90–4128 (Bankr.E.D.Ark. Nov. 2, 1990) (Order of dismissal); *Gloria Womack v. United States*, No. 91–4016 (Bankr.E.D.Ark. Apr. 16, 1991) (Order of dismissal).

2. The format also appears to be improper. The garbled assertions appear to suggest various adversary proceedings.

Although the Womacks have filed petitions in bankruptcy, they have been unable to obtain a discharge in bankruptcy. This Court has also denied a previous motion to proceed *in forma pauperis* filed by Thomas Womack. *In re Thomas Womack*, No. 88–41880 (Bankr. E.D.Ark. June 17, 1990) (Order denying motion to proceed *in forma pauperis*).

3. While an exhibit to the Motion for Order of Surrender lists a Post Office Box for Thomas Womack, the content of the application to proceed in forma pauperis appears to indicate that the Womacks have no address other than some hotel. The clerk may attempt to serve the P.O. Box with this Order. There are several hotels with the name described by the Womacks precluding use of a hotel address for purposes of service.

■ Were the Court to consider an Application to Proceed *In Forma Pauperis*, it would be denied. First, there is no proceeding pending by the Womacks which requires expenditure of funds by the Womacks. Secondly, the application is only slightly less incoherent than the Motion for Order of Surrender, addressed above. The minimal coherence in the application is due to the fact that it is a form application which makes certain statements for the application. Finally, the applicants have failed to satisfy the standards of the statute, 28 U.S.C. § 1915(a), such that this Court, in its discretion would deny the application on the merits. *See generally In re Clark*, 86 B.R. 593 (Bankr.E.D.Ark.1988) (standards for *in forma pauperis* applications).

Based upon the foregoing, it is

ORDERED that the Motion for Order of Surrender, filed by Thomas and Gloria Womack on December 4, 1992, is DENIED.

IT IS SO ORDERED.