**In re Alushia ROBINSON.**

**Alushia ROBINSON, Plaintiff,**

v.

**Neal JONES d/b/a Arkansas Auto Exchange, Defendant.**

**Bankruptcy No. 93–40245S.**
**Adv. No. 93–4028.**

United States Bankruptcy Court,
E.D. Arkansas, W.D.

March 11, 1993.

Alushia Robinson, pro se.

Neal Jones, pro se.

### *ORDER TO CLERK*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a *sua sponte* review of the Court files in this case and related adversary proceeding, No. 93–4028. The debtor filed her *pro se* Chapter 13 petition in bankruptcy on February 12, 1993. On March 1, 1993, the debtor filed adversary proceeding No. 93–4018, against Yolanda (Jane Doe) and Farris Hensley. After reviewing that complaint, the Court *sua sponte* held a status conference on February 25, 1993, at which the debtor admitted that Thomas Womack, through the Bread From Heaven Ministry, assisted her in completing the documents she filed with the Court. She further admitted that she agreed to pay either Womack and/or the Bread From Heaven Ministry a fee for assisting with the documents.

With regard to Adversary Proceeding 93–4018, the debtor stated on the record that she sought to lift a garnishment order from her husband's wages. However, Mr. Robinson is not a debtor in bankruptcy. The Court advised Mrs. Robinson that, based upon her statements, the adversary proceeding would have to be dismissed since she had no standing to contest a

garnishment of her husband's wages. The Court further advised Mrs. Robinson:

> Mr. Womack is becoming quite a problem not just to this Court, the Pulaski County Court has also referred him out to our Arkansas Supreme Court for practicing law without a license. That's against the law, and you have managed to get yourself into the thick of this by falling prey to it and taking his assistance. . . .
>
> What I will do is give you an opportunity to obtain counsel, and I will give you 15 days to do that. . . .
>
> You've sued somebody and you don't really have the right to do that, and, quite frankly, you may have subjected yourself to some liability, and that's why we're going to put Mr. Womack out of business.

Thus, Mrs. Robinson was very explicitly advised that Mr. Womack could not represent her, that she was subject to sanctions for frivolous filings, and that she should obtain competent, licensed counsel.

Mrs. Robinson ignored these statements. On March 4, 1993, Mrs. Robinson submitted several documents to the Court, including an "Adversary Complaint and Application for Turnover," against Neal Jones d/b/a Arkansas Auto Exchange, a summons, and a document entitled "Statement of Assistance by Non–Attorney in Regards to Filing This Petition." This latter form is a document required by local rule to be filed only in certain districts in California. It is not recognized in this Court. The "statement" discloses that Thomas Womack, Jr., of P.O. Box 5282, North Little Rock, Arkansas, was paid pursuant to a "Religious referral in Jesus Name Bread From Heaven Ministry," secured by "The Father, The Son, The Holy Ghost." Mrs. Robinson declared under penalty of perjury that the document was executed at "the annointing [sic] of God, February 5, 1993." Although George Robinson's name appears on the caption, he did not sign the document.[1]

This document constitutes harassment to this Court which will not be tolerated. Mrs. Robinson was personally advised by this Court that Mr. Womack is not an attorney and is not permitted to practice law and could not represent her. She was told personally by this Court that she should obtain licensed counsel. Mrs. Robinson is hereby advised that further abuses and violation of Court directives will subject her to sanction by this Court, including a monetary fine, dismissal of her bankruptcy case, or other appropriate sanction.

This harassment, instigated by Thomas Womack, is consuming a great deal of Court resources. This case is simply one example of the many problems facing this Court by Womack's preparation of frivolous and/or bad faith documents and flagrant violations of Court directives.[2] *See, e.g., In re Allison Warehouse & Transfer Co., Inc.,* 150 B.R. 704 (Bankr.E.D.Ark. 1993). The Court recognizes that legitimate complaints are often made by pro se litigants, and that practice may not be discouraged. However, Womack makes a practice of preying upon unfortunate per-

---

1. George Robinson has not filed a petition in bankruptcy and thus is not a debtor. His name appears on the caption of the complaint as a pro se plaintiff, but he did not sign the complaint. *See* Fed.R.Bankr.Proc. 9011. Of course, not being a licensed attorney, Mrs. Robinson may not represent her husband.

2. Thomas Womack is known not only for his meddling in other debtor's cases, his (and his wife's) bankruptcy cases are rife with frivolous filings. *See, e.g., In re Thomas Womack,* No. 88–41880 (Bankr.E.D.Ark. filed Sept. 22, 1988) (chapter 13), dismissed, May 8, 1990, *aff'd,* (E.D.Ark. Jan. 8, 1992); *In re Thomas Womack,* No. 88–40630 (Bankr.E.D.Ark. Chapter 13 case filed Mar. 29, 1988) (dismissed Oct. 28, 1988); *In re Gloria Womack,* 88–42637 (Bankr. E.D.Ark., filed Dec. 29, 1988) (Chapter 13), dis-

missed Mar. 18, 1991, *aff'd,* No. LR–C–91–384 (E.D.Ark.1991); *In re Thomas Womack,* No. 87–41036 (Bankr.E.D.Ark. May 27, 1987) (Chapter 13 filed; case terminated on Feb. 19, 1988 without discharge); *Gloria Womack v. Fleet Mortgage,* No. 90–4078 (Bankr.E.D.Ark. Mar. 2, 1991) (Order of dismissal); *Gloria Womack v. Derwinski,* No. 90–4128 (Bankr.E.D.Ark. Nov. 2, 1990) (Order of dismissal); *Gloria Womack v. United States,* No. 91–4016 (Bankr.E.D.Ark. Apr. 16, 1991) (Order of dismissal).

Although the Womacks have filed petitions in bankruptcy, they have been unable to obtain a discharge in bankruptcy. This Court has also denied motions to proceed *in forma pauperis* filed by Thomas Womack. *In re Thomas Womack,* No. 88–41880 (Bankr.E.D.Ark. June 17, 1990).

sons, "litigating" on their behalf, thereby causing them harm and harassing the Court. Despite express warning from the Court Mrs. Robinson persists in accepting his aide. Accordingly, the Court will direct that no further adversary complaints may be filed by Mrs. Robinson, *pro se*.

**ORDERED** that the Clerk is directed to refuse any adversary complaints submitted by the debtor Alushia Robinson, on her own behalf, or on behalf of George Robinson. Any adversary complaints must be signed by an attorney licensed to practice in the State of Arkansas.

**IT IS SO ORDERED.**