**In re Steven Lamont WOMACK.**

**No. 00–43567 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Western Division.

Sept. 7, 2000.

David D. Coop, Chapter 13 Trustee

### ORDER DENYING MOTION FOR RECUSAL

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the *pro se* debtor's Motion for Recusal with Brief Incorporated, filed on August 30, 2000. This chapter 13 case was commenced by the filing of a skeletal chapter 13 petition on Monday, August 14, 2000. With the filing of the petition, the debtor filed an adversary proceeding against a Chancery Court judge, a deputy prosecutor and the Office of Child Support Enforcement. By Order entered on August 23, 2000, the Court *sua sponte* dismissed the individual judicial and prosecuting officers as the action was barred by their immunity from suit. Although the Office of Child Support Enforcement was not dismissed, there is pending an Order to Show Cause why the proceeding should not be dismissed.[1]

The debtor seeks recusal primarily on the basis that he is "of the black race" and an allegation that he and "debtor's black members"[2] have endured discriminatory treatment in this Court. This belief is apparently founded upon opinions and rul-

1. There is also pending a motion by the debtor to vacate that Order. However, inasmuch as the motion does not adequately respond to the Order to Show Cause, the Court does not construe the motion to set aside the Order of August 23, 2000, as a response. The Court will await debtor's timely response to the Or- der to Show Cause before determining the issues raised by that Order.

2. The Court presumes that this is a reference to members of debtor's religious organization, the Bread From Heaven World Wide, Inc.

ings issued with regard to his father, Thomas Womack,[3] as well as another person named Womack.[4]

 Rule 5004 governs disqualification of the bankruptcy judge and incorporates 28 U.S.C. § 455 governing disqualification of federal judges over matters in which they may have a conflict of interest, personal bias, prejudice against a party, personal knowledge of disputed facts or where there is an appearance of impropriety.[5] Although the Court has a duty to recuse where any of these factors exist, there is a concomitant duty not to recuse on unsupported, irrational or tenuous speculation. *United States v. DeTemple*, 162 F.3d 279 (4th Cir.1998); *In re Big Rivers Electric Corp.*, 213 B.R. 962 (Bankr. W.D.Ky.1997); *see In re United States*, 666 F.2d 690, 694 (1st Cir.1981)("Were less required, a judge could abdicate in difficult cases at the mere sound of controversy or a litigant could avoid adverse decisions by alleging the slightest of factual bases for bias."). Bias or prejudice is a judicial predisposition that is wrongful or inappropriate. Neither adverse rulings nor even remarks the party believes to be critical support a bias or partiality challenge. *Liteky v. United States*, 510 U.S. 540, 114 S.Ct. 1147, 1149, 127 L.Ed.2d 474 (1994).

 The Court does not believe that any remark or action taken in this case, or any other case over which the Court presided, supports any assertion of bias, prejudice, or even deprivation of debtor's rights. As the United States Supreme Court has noted, neither critical remarks, descriptions of debtor's conduct, nor actions in other cases, support a bias challenge. *See id.* Accordingly, it is

**ORDERED** that debtor's Motion for Recusal with Brief Incorporated, filed on August 30, 2000, is DENIED.

**IT IS SO ORDERED**.

---

3. *See, e.g., United States Trustee v. Womack (In re Paskel)*, 201 B.R. 511 (Bankr.E.D.Ark. 1996), *appeal dismissed*, No. 96MC186 (E.D.Ark. Dec. 1996), *aff'd*, 1998 WL 439907 (8th Cir. July 20, 1998)(enjoining Thomas Womack from acting as a petition preparer); *In re Thomas Womack*, No. 88–41880 (Bankr. E.D. Ark. June 17, 1990)(denying motion to proceed *in forma pauperis* ); *In re Thomas Womack*, No. 88–41880 (Bankr.E.D. Ark. filed Sept. 22, 1988)(chapter 13), dismissed, May 8, 1990, *aff'd*, (E.D.Ark. Jan. 8, 1992); *In re Thomas Womack*, No. 88–40630 (Bankr.E.D. Ark. Chapter 13 case filed Mar. 29, 1988)(dismissed Oct. 28, 1988); *In re Gloria Womack*, 88–42637 (Bankr.E.D. Ark. filed Dec. 29, 1988)(Chapter 13), dismissed Mar. 18, 1991, *aff'd*, No. LR–C–91–384 (E.D.Ark.1991); *In re Thomas Womack*, No. 87–41036 (Bankr. E.D.Ark. May 27, 1987)(Chapter 13 filed; case terminated on Feb. 19, 1988 without discharge); *Gloria Womack v. Fleet Mortgage*, No. 90–4078 (Bankr.E.D.Ark. Mar. 2, 1991)(Order of dismissal); *Gloria Womack v. Derwinski*, No. 90–4128 (Bankr.E.D.Ark. Nov. 2, 1990)(Order of dismissal); *Gloria Womack v. United States*, No. 91–4016 (Bankr.E.D.Ark. Apr. 16, 1991)(Order of dismissal).

Cases which Thomas Womack filed on behalf of other persons or appeared in some capacity include *In re Allison Warehouse and Transfer Co., Inc.*, 150 B.R. 704 (Bankr. E.D.Ark.1993), *In re Johnnie Robinson*, 196 B.R. 454 (Bankr.E.D.Ark.1996), *appeal dismissed*, No. 96–290 (E.D.Ark. Apr. 22, 1996)(Howard, J.), *appeal dismissed*, No. 96–2695, 1997 WL 581068 (8th Cir. Sept. 22, 1996); *In re Alushia Robinson*, 152 B.R. 743 (Bankr.E.D.Ark.1993).

Mr. Womack's improper and continuing misrepresentation of debtors is so well-known that each judge of this Court has previously entered an Order forbidding the clerk of the bankruptcy court from accepting any documents from Thomas Womack without prior written authorization of the Court.

4. *See In re Clesta Womack*, No. 98–44145 S (Bankr.E.D.Ark. Oct. 1998)(order denying motion to set aside Order). Ms. Womack was apparently unhappy with the court's ruling in her case after she failed to appear at a hearing scheduled on a motion for relief from stay.

5. Evidentiary hearings on motions to recuse are not necessary, nor, in many instances, appropriate. *See In re Lieb*, 112 B.R. 830, 836 (Bankr.W.D.Tex.1990).