**In re Johnnie W. ROBINSON.**

**Johnnie W. ROBINSON, Plaintiff,**

v.

**John B. PLEGGE, Defendant.**

**Bankruptcy No. 94–42447 S.**
**Adv. No. 96–4006.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

March 1, 1996.

Johnnie W. Robinson, Little Rock, AR, pro se Debtor.

David Coop, Chapter 13 Trustee.

Chancery Clerk, Support Division, Gayle Sipes, Deputy Prosecuting Attorney, Little Rock, AR.

Claibourne W. Patty, N. Little Rock, AR, for Scroggins.

### ORDER DENYING MOTION TO SET ASIDE

MARY D. SCOTT, Bankruptcy Judge.

■ THIS CAUSE is before the Court upon the debtor's "Motion to Set Aside Order of Denial" filed on February 26, 1996. In response to the Court's Order of February 16, 1996, denying debtor's petition to proceed *in forma pauperis* and extending the time to perfect his appeal, debtor filed the instant motion which requests that the Court set aside its prior Order denying the request to proceed *in forma pauperis*. The debtor appears to assert two grounds. First, although the allegations are unclear, in his numbered paragraph 1 he appears to make

some argument regarding the merits of his case. This is irrelevant to the request to proceed *in forma pauperis* and ignores the doctrine of judicial immunity. Accordingly, the argument is without merit.

■ Second, debtor asserts that his failure to provide the Court with information regarding his dependents was mere inadvertence. While the Court finds it difficult to believe that the debtor "inadvertently" omitted information regarding dependents and concomitant expenses during four bankruptcy cases pursued over a period of nearly ten years, the fact that debtor has dependents does not alter the conclusions reached in the Order of February 16, 1996. For all of the reasons stated in that Order *in forma pauperis* status is unavailable to the debtor.

■ In pleadings filed in his bankruptcy case, the debtor also asserts that he does not have sufficient funds for an appeal because he wishes to continue paying funds to the Chapter 13 trustee in furtherance of his plan. The error with this argument, is that the Chapter 13 trustee *is not permitted* to retain any funds in a closed Chapter 13 case. As a fiduciary, the trustee disburses the funds pursuant to the plan if one has been confirmed, or, as here, if no plan is confirmed, returns the funds to the debtor. Neither the Court, the trustee, nor the debtor can alter this procedure and permit payment into a dismissed Chapter 13 case. Accordingly, the debtor has raised no grounds under which the Court deems it appropriate to alter its decision[1] denying the petition to proceed *in forma pauperis*. It is

**ORDERED** that the Motion to Set Aside Order of Denial, filed by the debtor on February 26, 1996, is DENIED.

**IT IS SO ORDERED.**

1. Although debtor asserts that the district court should determine whether the appeal may be pursued without payment of costs, under 28 U.S.C. § 1915(a), the "trial court" certifies whether an appeal is not taken in good faith. Moreover, whether a request to proceed *in forma pauperis* should be granted is within the discretion of the trial court. *Cross v. General Motors Corp.*, 721 F.2d 1152 (8th Cir.1983). In core matters, such as those pending in debtor's appeals, the bankruptcy court is the trial court and the district court sits as a court of appeals. *See generally* 28 U.S.C. §§ 157, 158.