**INTERPRETING 11 U.S.C. § 110 WHICH GOVERNS CONDUCT OF NON–LAWYER BANKRUPTCY PETITION PREPARERS AND DELINEATING THE RELATIONSHIP, POWERS AND FUNCTIONS OF THE BANKRUPTCY COURT AND THE DISTRICT COURT UNDER THE STATUTE.**

General Order No. 96–3.

United States District Court,
C.D. California.

March 6, 1996.

In the fall of 1994, as part of the Bankruptcy Reform Act of 1994, Congress passed a new statute (11 U.S.C. § 110) ("the statute") which, for the first time, governs the activities of non-lawyer bankruptcy petition preparers ("preparers") and provides various sanctions against them for improper actions. The statute is not clearly worded and definitive legislative history which would aid in interpreting it is lacking. As of the date of this General Order, no opinions of appellate

courts exist which construct the statute.[1]

This district, the Central District of California, is often referred to as the "bankruptcy capital" of the country. Far more bankruptcy cases are filed here than in any other federal district. In fact, more bankruptcies are filed in this district than in any of nine entire circuits. This district has 21 Bankruptcy Judges. The next largest Bankruptcy Court has 12.

Many non-lawyer bankruptcy preparers operate in this district. A number of them are headquartered here and have branches or subsidiary operations elsewhere. Even before enactment of the statute, the Bankruptcy Court of this district had encountered serious problems with many local preparers who had taken unconscionable advantage of bankruptcy debtors. Those problems included incompetent preparation of papers, misleading and/or false advertising, charging excessive fees and other false and deceptive practices.

Soon after the effective date of the statute, numerous proceedings were commenced against preparers in the Bankruptcy Court of this district charging various violations of the statute and seeking various types of sanctions. To this date, the District Court has received 34 cases from the Bankruptcy Court. They are listed in Appendix A. In each case, the Bankruptcy Court found some type of sanction warranted but forwarded the case to the District Court seeking an order imposing some or all of such sanctions.

An examination of the 34 case files indicates that there is a considerable difference of opinion among our Bankruptcy Judges as to which court may impose the various sanctions set forth in the statute and the procedures to be employed in awarding and ordering them.[2]

The statute imposes duties and responsibilities upon, and grants powers to, both the District Court and Bankruptcy Court. Because, under 28 U.S.C. § 151, the Bankruptcy Court is a "unit" of the District Court, it is appropriate for the District Court, qua court, and pending a body of decisional law from appellate courts construing the statute, to construe the statute, delineate the powers of both courts under the statute, and consider other procedural problems arising under the statute, both generally and in reference to the 34 pending cases. A General Order of the District Court is deemed a proper method to do so.

Rather than assign the said 34 pending cases to various District Judges by random assignment, which would involve duplicative judicial effort in construing the statute, this Court made an interim assignment of all 34 cases to Senior Judge Irving Hill. Judge Hill was instructed to consider the various problems raised by the statute, to review the 34 cases and thereafter draft a proposed General Order of the Court which would include such interpretations of the statute as are necessary to guide the various District and Bankruptcy Judges of the district in the administration of the statute. This order was drafted by Judge Hill in the first instance and has now become a General Order of the District Court.

The constructions of the statute made in this General Order will require remand to the Bankruptcy Court of all of the 34 cases listed in Appendix A for further proceedings.

---

1. As of the date of this General Order, only three published opinions have been found involving sanctions under Section 110 and construing it in any fashion. They are:

   *In re Lyvers*, 179 B.R. 837 (Bankr.W.D. KY 1995);

   *In re Cordero*, 185 B.R. 882 (Bankr.M.D. FL 1995);

   *In re Gavin*, 181 B.R. 814 (Bankr.E.D. PA 1995) (The orders of the Bankruptcy Judge were later "adopted" by a District Judge who also "ordered" judgments as per the bankruptcy judge's decision. 184 B.R. 670 (E.D.Pa.1995)).

2. On June 14, 1995, the Bankruptcy Court of this district issued its General Order No. 95–03 entitled "In Re Bankruptcy Preparers." The General Order purports to define the respective responsibilities, powers and functions of the two courts in connection with the various types of proceedings and sanctions enumerated in the statute. Many of the Bankruptcy Court orders in the 34 cases sent to this court are inconsistent with General Order 95–03. Some of those orders were filed even before it was issued. Bankruptcy Court General Order 95–03 will require extensive modification to accord with the statutory constructions of the District Court contained in this General Order.

A specific order of remand will be filed in each case.

Any of the 34 pending cases which are returned to this Court after the remand will be assigned to District Judges under this Court's random system for assigning bankruptcy cases.

## REVIEW OF THE STATUTORY SCHEME

It is appropriate, at the outset, to review the statutory scheme and list the various types of sanctions included in it. The statute imposes a number of specific requirements on preparers in connection with the content, preparation and handling of bankruptcy papers. It also proscribes many specific types of improper and illegal conduct. The obligations imposed by the statute and its provisions for sanctions can be broken down as follows:

### A. FINES (§ 110(b)–(g))

Sections 110(b) through (g) impose affirmative obligations on preparers in connection with composing and signing documents for filing in bankruptcies. It requires preparers to identify themselves and the persons who did the work of preparation. For violation of any of these affirmative obligations, the preparer may be fined not more than $500.00 for each violation. The statute says nothing about which court may adjudicate the violation and impose the fine.

### B. DISALLOWANCE OF EXCESS FEES (§ 110(h))

Under Section 110(h) a court is required to disallow any fee paid or payable to a preparer found to be in excess of the value of the services rendered and to order the immediate turnover to the trustee of the excess portion. Under Section 110(h)(4) a preparer who has failed to comply with such a turnover order shall be fined not more than $500.00 for each such failure to comply. The statute says nothing about which court may adjudicate the excess character of the fees, pronounce the turnover order or impose the fine for failure to comply with a turnover order.

### C. INJUNCTIONS (§ 110(j))

Under Section 110(j) certain specified persons as plaintiffs may bring a "civil action" seeking an injunction against future improper conduct by a preparer. Two separate types of injunction may be issued: (1) An injunction restraining the preparer from engaging in future misconduct of a type he or she has been found to have committed in the past, and (2) an injunction restraining the preparer from acting as a preparer in any respect anywhere.

Section 110(j) specifies the findings which must underlie the issuance of any such injunction. However, the statute does not define "civil action" and says nothing about which court may entertain the action and issue the injunction.

### D. DAMAGE AWARDS TO DEBTORS (§ 110(i))

Section 110(i) provides that for certain specified types of misconduct by a preparer, the Bankruptcy Court shall certify to the District Court the fact that the preparer has engaged in such misconduct. The sanctions for such misconduct are specified. They may be imposed only by order of the District Court after a "motion" is filed and a "hearing" is held in the District Court. The District Court, if it concurs with the facts as certified by the Bankruptcy Court, must award to the debtor involved the debtor's actual damages, plus a penalty of $2,000.00 or twice the amount paid for the preparer's services (whichever is greater), plus the debtor's attorneys fees.

The statute says nothing about how the proceeding, culminating in the certifying of facts to the District Court, is commenced in the Bankruptcy Court or the form of the proceeding in that court. Nor does it say anything about the standard of review to be applied by the District Court in acting upon such certified facts. The statute does require the District Court to hold a "hearing" on the matter after the motion is filed in the District Court asking the District Court to impose the sanctions listed in the section.

INTERRELATIONSHIP OF THE BANK-
RUPTCY AND DISTRICT COURTS
UNDER THE STATUTE AND SPE-
CIFIC HOLDINGS STATING THE
STATUTORY FUNCTIONS WHICH
MAY BE PERFORMED BY EACH
COURT

It is now appropriate to discuss and define the powers and duties of both the District and Bankruptcy Courts under the statute.

## A. *FINES FOR IMPROPER CONDUCT (§ 110(b)–(g))*

■ This court interprets the statute to permit the Bankruptcy Court to find the facts and impose the fines set forth in Sections 110(b) through (g) inclusive. The Bankruptcy Court's General Order 95–03 suggests that only the District Court may impose such fines. Nothing in the statutory language leads to such a restrictive construction. The misconduct occurs in the Bankruptcy Court and the Bankruptcy Court adjudicates whether the misconduct has in fact occurred. There is no valid reason, in the statutory language or in logic, for denying to the Bankruptcy Court the authority to impose these fines. This Court holds that the Bankruptcy Court has such authority. As with any final order of the Bankruptcy Court, an order of that Court imposing any such fine will be appealable in the normal fashion either to this Court or the Bankruptcy Appellate Panel ("BAP").

Attached as Appendix B to this General Order is a list of those pending cases in which the Bankruptcy Court found misconduct justifying a fine under Section 110(b) through (g), but pursuant to its General Order, declined to impose it and instead referred the matter of its imposition to this Court. A remand order will be entered in each such case.

## B. *DISALLOWANCE OF EXCESS FEES, TURNOVER ORDERS AND FINES FOR VIOLATING SUCH ORDERS (§ 110(h))*

■ General Order No. 95–03 of the Bankruptcy Court construes Section 110(h) as empowering the Bankruptcy Court to order the disallowance of excess fees and the turnover of such excess fees to the bankruptcy trustee. This Court concurs in that construction. Under the statute, the Bankruptcy Court clearly has both jurisdiction and power to disallow excess fees and order the turnover of excess fees. No reference or certification of any kind to this Court is required. The Bankruptcy Court also has jurisdiction and power itself to determine if a turnover order has been violated and to impose the fine for such violation as specified by Section 110(h). Of course, an appeal lies to this Court or the BAP from a final Bankruptcy Court order of disallowance and turnover and/or from the imposition of a Section 110(h) fine.

Appendix C is a list of those pending cases in which the Bankruptcy Court has entered what appears to be a final and self-executing disallowance and turnover order under Section 110(h), but in each case, without further explanation, the Bankruptcy Judge filed a separate document certifying to this Court that the excess fee has been found and that a turnover order has been pronounced. These certifications do not seek or require this Court to do anything in connection with the disallowance and turnover. Such certifications are neither required nor authorized by the statute. In each case, this Court treats said certification as a nullity and orders it stricken from the record. A remand will be ordered in all such cases so that the Bankruptcy Court can execute its turnover order without any action of this Court.

## C. *INJUNCTIONS (§ 110(j))*

■ Section 110(j)(1) authorizes debtors, creditors or trustees to seek injunctions against preparers who have committed misconduct as defined in Section 110(j)(2)(A). To obtain an injunction, the plaintiff must commence a "civil action." Nothing in the statute requires the "civil action" to be commenced in the District Court and nothing in the statute requires the resulting injunction to be pronounced by a District Court judge.

General Order No. 95–03 of the Bankruptcy Court does not mention Section 110(j)(1) and contains no language limiting the authority of the Bankruptcy Court to entertain a "civil action" and issue an injunction thereun-

der. However, there is evidence from the 34 cases already processed by the Bankruptcy Court that at least some Bankruptcy Judges believe that they do not have the power to pronounce the injunctions authorized in Section 110(j) and do not have the power to award a successful plaintiff who obtains an injunction reasonable attorneys fees and costs as required by Section 110(j)(2)(B), (3).

Appendix D lists the cases processed by the Bankruptcy Court in which the plaintiff sought an injunction against a preparer under Section 110(j). The Bankruptcy Judge entertained and adjudicated the action to the point of determining that the predicate acts justifying an injunction had occurred and describing the appropriate injunction language. But in each case the Bankruptcy Judge refrained from pronouncing the injunction. Instead, a request for the District Court to pronounce the injunction is contained in either a "Report and Recommendation" of the Bankruptcy Judge or a "Certification of Facts" to the District Court.[3] In each case the Bankruptcy Judge also refrained from making the statutorily required award of attorneys fees and costs. In each case, however, the Bankruptcy Judge apparently was of the view that instituting the injunction proceeding in the Bankruptcy Court met the "civil action" requirement of the statute.

This Court holds that the Bankruptcy Court has jurisdiction to entertain the "civil action" referred to in Section 110(j) and the power to pronounce an injunction under the section, if the predicate facts are found, including the power to make the award of attorneys fees and costs which are required to accompany the issuance of an injunction.

■ The term "civil action" as used in federal statutes has consistently been given an extremely broad definition. 14A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 3721 2d ed. 1985. A civil action is an adversarial court proceeding in which one party seeks relief against another. *Agosto v. Barcelo,* 594 F.Supp. 1390 (D.P.R.1984). Bankruptcy courts handle

thousands of adversary proceedings and each of them appears to meet the definitional requirements of a "civil action." There is nothing special or different about a "civil action" to obtain an injunction under Section 110(j)(1) that warrants limiting the Bankruptcy Court's jurisdiction to hear such actions.

Moreover, historically, Bankruptcy Courts have had the power and jurisdiction to pronounce broad sweeping injunctions, including the automatic stay which has national effect and governs all courts, federal and state. There is nothing about an injunction against preparers under Section 110(j) that would logically warrant depriving Bankruptcy Courts of the authority to issue that type of an injunction.

Again, there is a right of appeal to review any injunction pronounced by the Bankruptcy Court under Section 110(j).

Pursuant to the construction of the statute herein contained, each of the cases listed on Appendix D will be remanded to the Bankruptcy Court so that that Court may itself enter the appropriate injunction and the required award of attorneys fees and costs.

## D. *PROCEEDINGS INVOLVING CERTIFICATION OF FACTS TO THE DISTRICT COURT AND PRONOUNCEMENTS OF PENALTY ORDERS BY THAT COURT (§ 110(i)(1))*

■ Section 110(i)(1) provides that in cases of various types of misconduct listed in the section, a two-tiered procedure involving both courts is required. In the first instance, the Bankruptcy Court is required to ascertain the facts surrounding the alleged misconduct and, if the violations are found, certify the facts to the District Court. The District Court, upon a "motion" which may be made by the debtor, trustee or a creditor, must hold a hearing. If the Bankruptcy Court's finding of fact is affirmed, the District Court must impose the full and exact penalty which the Section provides. The penalty has three components: 1) The debt-

---

**3.** No case listed on Appendix D involves only injunctive relief. An injunction is only one of

several sanctions sought in each case.

or's actual damages; 2) $2,000.00 or twice the amount paid by the debtor to the preparer, whichever is greater; and 3) the moving party's reasonable attorneys fees and costs. Where the moving party is the trustee or a creditor, the District Court is also required to order the preparer to pay the moving party an additional $1,000.00.

Bankruptcy Court General Order 95–03 lays out in considerable detail the procedure to be followed in the Bankruptcy Court for the initiation of proceedings under Section 110(i)(1) and for the certification of facts to this Court. Among other things, the General Order authorizes such proceedings to be begun in the Bankruptcy Court on the Court's own motion. The General Order also requires notice to the accused preparer and a hearing in the Bankruptcy Court before certification of facts to this Court.

This Court concurs with and approves the provisions of General Order 95–03 governing this subject but adds the following further requirements. Any certification of facts to this Court by the Bankruptcy Court under Section 110(i)(1) shall include:

1) The facts found by the Bankruptcy Court;

2) The transcript and record in the Bankruptcy Court upon which those facts were found;

3) The Bankruptcy Court's finding as to the debtor's actual damages;

4) Under Section 110(i)(1)(B), whether the $2,000.00 penalty or twice the amount paid by the debtor to the preparer is the greater sum for inclusion in the penalty;

5) The amount of the moving party's reasonable attorneys fees and costs in connection with the certification proceedings in the Bankruptcy Court.

■ The Bankruptcy Court's order shall also advise the prevailing party in the Bankruptcy Court that that party should, following the issuance of the Bankruptcy Court's certification, file an appropriate motion in the District Court.

■ When the certification of facts as above provided is before the District Court, the procedure shall be as follows:

1. In the District Court's hearing, the standard of review will be the same as that employed in bankruptcy appeals, i.e., abuse of discretion as to fact finding and *de novo* as to conclusions of law.

2. At the hearing, no new evidence shall be received and the hearing shall be on the record only. The District Court is required only to afford an opportunity for briefing by the parties affected. No in-person hearing is required unless the District Judge so provides.

■ Appendix E is a list of those cases among the 34 pending cases in which a certificate of facts to the District Court under Section 110(i)(1) has been made. Since none of the certificates meet all of the requirements herein set forth, a remand order will be entered in each case requiring a revision of the certificate to meet the requirements of this General Order.

### APPENDIX A TO GENERAL ORDER 96–3

1. CV95–5225–IH: *In re David T. and Keri Ann Adams*

(Bk.Ct. Case No. SB 95–12218 DN)

Respondent: *Jim Snyder*

2. CV95–5226–IH: *In re Daniel Alexander*

(Bk.Ct. Case No. SB 95–12732 DN)

Respondent: *Joyce Jacobs*

3. CV95–6080–IH: *In re John Kerr*

(Bk.Ct. Case No. SB 95–16299–RA)

Respondent: *Hemet Valley Paralegal*

4. CV95–6081–IH: *In re Renee Marie Shay*

(Bk.Ct. Case No. SB 95–14562 RA)

Respondent: *Bari Nejad*

5. CV95–6082–IH: *In re John Thomas Rehak*

(Bk.Ct. Case No. SB 95–16245 RA)

Respondent: *Lowcost Paralegal*

6. CV95–6573–IH: *In re William Mack Commonis*

(Bk.Ct. Case No. SB 95–15184 RA)

Respondent: *The Right Way, Inc.*

7. CV95–6574–IH: *In re Meleseni Maama*

(Bk.Ct. Case No. SB 95–10077 RA)

Respondent: *Save Your Home, Inc., a.k.a. O & J Legal Assistance*

8. CV95–6575–IH: *In re Mark A. Ritchey*

(Bk.Ct. Case No. SB 95–15571 RA)

Respondent: *Concern Financial or Harlan Hill*

9. CV95–6576–IH: *In re Michael Eugene Sola*

(Bk.Ct. Case No. SB 95–16417 RA)

Respondent: *Walter Lopez dba Waltam Enterprises*

10. CV95–6577–IH: *In re William F. Sackwar and Jane Sackwar*

(Bk.Ct. Case No. SB 95–15179 RA)

Respondent: *The Right Way, Inc.*

11. CV95–6578–IH: *In re Marsello Vignan*

(Bk.Ct. Case No. SB 95–16664 RA)

Respondent: *Len D. Faanes*

12. CV95–6579–IH: *Juan M. Govea and Irma M. Govea*

(Bk.Ct. Case No. SB 95–15853 DN)

Respondent: *Carlos Rodriguez dba Great Credit*

13. CV95–6611–IH: *In re Michael J. Harkrider*

(Bk.Ct. Case No. SB 95–16297 MG)

Respondent: *Carol Clark dba Hemet Valley Paralegal*

14. CV95–6612–IH: *In re Diana Madrigal*

(Bk.Ct. Case No. SB 95–17364 MG)

Respondent: *Bertha B. Ortega*

15. CV95–6613–IH: *In re William R. Gooch*

(Bk.Ct. Case No. SB 95–14083 MG)

Respondent: *Inland Empire Legal Center*

16. CV95–6614–IH: *In re Gina Levinger*

(Bk.Ct. Case No. SB 95–16947 MG)

Respondent: *Global Express Attorney Service*

17. CV95–6615–IH: *In re Leonard Reyes*

(Bk.Ct. Case No. SB 95–17308 MG)

Respondent: *Jim Snyder*

18. CV95–6616–IH: *In re Thomas L. Maneri*

(Bk.Ct. Case No. SB 95–16956 MG)

Respondent: *Julia Yoon*

19. CV95–6617–IH: *In re Jose G. Ramirez*

(Bk.Ct. Case No. SB 95–15672 RA)

Respondent: *Bertha Ortega*

20. CV95–6618–IH: *In re Ronald Leon Cochennet and Jerry L. Cochennet*

(Bk.Ct. Case No. SB 95–16666 RA)

Respondent: *Marilyn McCabe*

21. CV95–6802–IH: *In re Christina Marie McMullen*

(Bk.Ct. Case No. SB 95–18277 RA)

Respondent: *Quality Plus Service*

22. CV95–6803–IH: *In re Jerry Maharrey*

(Bk.Ct. Case No. SB 95–15295 DN)

Respondent: *James Cole dba Intercept Paralegal Services*

23. CV95–6804–IH: *In re Gloria J. Sandora*

(Bk.Ct. Case No. SB 95–15232 DN)

Respondent: *Global Express Attorney Service*

24. CV95–7452–IH: *In re Johnny Gibbs*

(Bk.Ct. Case No. SB 95–12735 DN)

Respondent: *Joyce Jacobs*

25. CV95–7453–IH: *In re Patricia Zeigler*

(Bk.Ct. Case No. SB 95–17603 DN)

Respondent: *Global Express Attorney Service*

26. CV95–7454–IH: *In re Hazel M. Wright and Mattie O. Wright*

(Bk.Ct. Case No. SB 95–17551 DN)

Respondent: *Don Warren*

27. CV95–7456–IH: *In re Eugene Anthony Duarte*

(Bk.Ct. Case No. SB 95–17324 DN)

Respondent: *Joe Goldwine aka J. Carter, Economy Paralegal*

28. CV95–7458–IH: *In re Steven Huddleston*

(Bk.Ct. Case No. SB 95–14812 DN)

Respondent: *Geraldine Sobarnia and AALC Bankruptcy & Divorce Center*

29. CV95–7633–IH: *In re James Everett Spence, III*

(Bk.Ct. Case No. SB 95–16630 MG)

Respondent: *M. Valenzuela*

30. CV95–7923–IH: *In re Mike Gomez and Alicia Gomez*

(Bk.Ct. Case No. SB 95–15203 DN)

Respondent: *Joyce Jacobs*

31. CV95–8240–IH: *In re Stacy Stubbs*

(Bk.Ct. Case No. SB 95–18757 DN)

Respondent: *Maria Flores and Western Enterprises, Inc.*

32. CV95–8241–IH: *In re Jack Doromal and Marirose Doromal*

(Bk.Ct. Case No. SB 95–16605 DN)

Respondent: *James Cole and Intercept Paralegal Services*

33. CV95–8242–IH: *In re Deborah Walker*

(Bk.Ct. Case No. SB 95–20826 DN)

Respondent: *Robert Slaughter and R & D Associates*

34. CV95–8243–IH: *In re Larry Anaya and Nedra Anaya*

(Bk.Ct. Case No. SB 95–16685 DN)

Respondent: *James Cole dba Intercept Paralegal Services*

### APPENDIX B TO GENERAL ORDER 96–3

1. CV95–5225–IH: *In re David T. and Keri Ann Adams*

(Bk.Ct. Case No. SB 95–12218 DN)

Respondent: *Jim Snyder*

2. CV95–5226–IH: *In re Daniel Alexander*

(Bk.Ct. Case No. SB 95–12732 DN)

Respondent: *Joyce Jacobs*

3. CV95–6080–IH: *In re John Kerr*

(Bk.Ct. Case No. SB 95–16299–RA)

Respondent: *Hemet Valley Paralegal*

4. CV95–6081–IH: *In re Renee Marie Shay*

(Bk.Ct. Case No. SB 95–14562 RA)

Respondent: *Bari Nejad*

5. CV95–6082–IH: *In re John Thomas Rehak*

(Bk.Ct. Case No. SB 95–16245 RA)

Respondent: *Lowcost Paralegal*

6. CV95–6574–IH: *In re Meleseni Maama*

(Bk.Ct. Case No. SB 95–10077 RA)

Respondent: *Save Your Home, Inc., a.k.a. O & J Legal Assistance*

7. CV95–6578–IH: *In re Marsello Vignan*

(Bk.Ct. Case No. SB 95–16664 RA)

Respondent: *Len D. Faanes*

8. CV95–6579–IH: *Juan M. Govea and Irma M. Govea*

(Bk.Ct. Case No. SB 95–15853 DN)

Respondent: *Carlos Rodriguez dba Great Credit*

9. CV95–6611–IH: *In re Michael J. Harkrider*

(Bk.Ct. Case No. SB 95–16297 MG)

Respondent: *Carol Clark dba Hemet Valley Paralegal*

10. CV95–6612–IH: *In re Diana Madrigal*

(Bk.Ct. Case No. SB 95–17364 MG)

Respondent: *Bertha B. Ortega*

11. CV95–6613–IH: *In re William R. Gooch*

(Bk.Ct. Case No. SB 95–14083 MG)

Respondent: *Inland Empire Legal Center*

12. CV95–6614–IH: *In re Gina Levinger*

(Bk.Ct. Case No. SB 95–16947 MG)

Respondent: *Global Express Attorney Service*

13. CV95–6615–IH: *In re Leonard Reyes*

(Bk.Ct. Case No. SB 95–17308 MG)

Respondent: *Jim Snyder*

14. CV95–6616–IH: *In re Thomas L. Maneri*

(Bk.Ct. Case No. SB 95–16956 MG)

Respondent: *Julia Yoon*

15. CV95–6617–IH: *In re Jose G. Ramirez*

(Bk.Ct. Case No. SB 95–15672 RA)

Respondent: *Bertha Ortega*

16. CV95–6802–IH: *In re Christina Marie McMullen*

(Bk.Ct. Case No. SB 95–18277 RA)

Respondent: *Quality Plus Service*

17. CV95–6803–IH: *In re Jerry Maharrey*

(Bk.Ct. Case No. SB 95–15295 DN)

Respondent: *James Cole dba Intercept Paralegal Services*

18. CV95–6804–IH: *In re Gloria J. Sandora*

(Bk.Ct. Case No. SB 95–15232 DN)

Respondent: *Global Express Attorney Service*

19. CV95–7452–IH: *In re Johnny Gibbs*

(Bk.Ct. Case No. SB 95–12735 DN)

Respondent: *Joyce Jacobs*

20. CV95–7453–IH: *In re Patricia Zeigler*

(Bk.Ct. Case No. SB 95–17603 DN)

Respondent: *Global Express Attorney Service*

21. CV95–7454–IH: *In re Hazel M. Wright and Mattie O. Wright*

(Bk.Ct. Case·No. SB 95–17551 DN)

Respondent: *Don Warren*

22. CV95–7458–IH: *In re Steven Huddleston*

(Bk.Ct. Case No. SB 95–14812 DN)

Respondent: *Geraldine Sobarnia and AALC Bankruptcy & Divorce Center*

23. CV95–7456–IH: *In re Eugene Anthony Duarte*

(Bk.Ct. Case No. SB 95–17324 DN)

Respondent: *Joe Goldwine aka J. Carter, Economy Paralegal*

24. CV95–7633–IH: *In re James Everett Spence, III*

(Bk.Ct. Case No. SB 95–16630 MG)

Respondent: *M. Valenzuela*

25. CV95–7923–IH: *In re Mike Gomez and Alicia Gomez*

(Bk.Ct. Case No. SB 95–15203 DN)

Respondent: *Joyce Jacobs*

26. CV95–8240–IH: *In re Stacy Stubbs*

(Bk.Ct. Case No. SB 95–18757 DN)

Respondent: *Maria Flores and Western Enterprises, Inc.*

27. CV95–8241–IH: *In re Jack Doromal and Marirose Doromal*

(Bk.Ct. Case No. SB 95–16605 DN)

Respondent: *James Cole and Intercept Paralegal Services*

### APPENDIX C TO GENERAL ORDER 96–3

1. CV95–5226–IH: *In re Daniel Alexander*

(Bk.Ct. Case No. SB 95–12732 DN) ·

Respondent: *Joyce Jacobs*

2. CV95–6080–IH: *In re John Kerr*

(Bk.Ct. Case No. SB 95–16299–RA)

Respondent: *Hemet Valley Paralegal*

3. CV95–6081–IH: *In re Renee Marie Shay*

(Bk.Ct. Case No. SB 95–14562 RA)

Respondent: *Bari Nejad*

4. CV95–6082–IH: *In re John Thomas Rehak*

(Bk.Ct. Case No. SB 95–16245 RA)

Respondent: *Lowcost Paralegal*

5. CV95–6573–IH: *In re William Mack Commonis*

(Bk.Ct. Case No. SB 95–15184 RA)

Respondent: *The Right Way, Inc.*

6. CV95–6574–IH: *In re Meleseni Maama*

(Bk.Ct. Case No. SB 95–10077 RA)

Respondent: *Save Your Home, Inc., a.k.a. O & J Legal Assistance*

7. CV95–6575–IH: *In re Mark A. Ritchey*

(Bk.Ct. Case No. SB 95–15571 RA)

Respondent: *Concern Financial or Harlan Hill*

8. CV95–6576–IH: *In re Michael Eugene Sola*

(Bk.Ct. Case No. SB 95–16417 RA)

Respondent: *Walter Lopez dba Waltam Enterprises*

9. CV95–6577–IH: *In re William F. Sackwar and Jane Sackwar*

(Bk.Ct. Case No. SB 95–15179 RA)

Respondent: *The Right Way, Inc.*

10. CV95–6578–IH: *In re Marsello Vignan*

(Bk.Ct. Case No. SB 95–16664 RA)

Respondent: *Len D. Faanes*

11. CV95–6611–IH: *In re Michael J. Harkrider*

(Bk.Ct. Case No. SB 95–16297 MG)

Respondent: *Carol Clark dba Hemet Valley Paralegal*

12. CV95–6613–IH: *In re William R. Gooch*

(Bk.Ct. Case No. SB 95–14083 MG)

Respondent: *Inland Empire Legal Center*

13. CV95–6614–IH: *In re Gina Levinger*

(Bk.Ct. Case No. SB 95–16947 MG)

Respondent: *Global Express Attorney Service*

14. CV95–6617–IH: *In re Jose G. Ramirez*

(Bk.Ct. Case No. SB 95–15672 RA)

Respondent: *Bertha Ortega*

15. CV95–6618–IH: *In re Ronald Leon Cochennet and Jerry L. Cochennet*

(Bk.Ct. Case No. SB 95–16666 RA)

Respondent: *Marilyn McCabe*

16. CV95–6803–IH: *In re Jerry Maharrey*

(Bk.Ct. Case No. SB 95–15295 DN)

Respondent: *James Cole dba Intercept Paralegal Services*

17. CV95–7452–IH: *In re Johnny Gibbs*

(Bk.Ct. Case No. SB 95–12735 DN)

Respondent: *Joyce Jacobs*

18. CV95–7453–IH: *In re Patricia Zeigler*

(Bk.Ct. Case No. SB 95–17603 DN)

Respondent: *Global Express Attorney Service*

19. CV95–7454–IH: *In re Hazel M. Wright and Mattie O. Wright*

(Bk.Ct. Case No. SB 95–17551 DN)

Respondent: *Don Warren*

20. CV95–7456–IH: *In re Eugene Anthony Duarte*

(Bk.Ct. Case No. SB 95–17324 DN)

Respondent: *Joe Goldwine aka J. Carter, Economy Paralegal*

21. CV95–7458: *In re Steven Huddleston*

(Bk.Ct. Case No. SB 95–14812 DN)

Respondent: *Geraldine Sobarnia and AALC Bankruptcy & Divorce Center*

22. CV95–7923–IH: *In re Mike Gomez and Alicia Gomez*

(Bk.Ct. Case No. SB 95–15203 DN)

Respondent: *Joyce Jacobs*

23. CV95–8240–IH: *In re Stacy Stubbs*

(Bk.Ct. Case No. SB 95–18757 DN)

Respondent: *Maria Flores and Western Enterprises, Inc.*

24. CV95–8241–IH: *In re Jack Doromal and Marirose Doromal*

(Bk.Ct. Case No. SB 95–16605 DN)

Respondent: *James Cole and Intercept Paralegal Services*

25. CV95–8242–IH: *In re Deborah Walker*

(Bk.Ct. Case No. SB 95–20826 DN)

Respondent: *Robert Slaughter and R & D Associates*

26. CV95–8243–IH: *In re Larry Anaya and Nedra Anaya*

(Bk.Ct. Case No. SB 95–16685 DN)

Respondent: *James Cole dba Intercept Paralegal Services*

*APPENDIX D TO GENERAL ORDER 96–3*

1. CV95–5225–IH: *In re David T. and Keri Ann Adams*

(Bk.Ct. Case No. SB 95–12218 DN)

Respondent: *Jim Snyder*

2. CV95–5226–IH: *In re Daniel Alexander*

(Bk.Ct. Case No. SB 95–12732 DN)

Respondent: *Joyce Jacobs*

3. CV95–6579–IH: *Juan M. Govea and Irma M. Govea*

(Bk.Ct. Case No. SB 95–15853 DN)

Respondent: *Carlos Rodriguez dba Great Credit*

4. CV95–6803–IH: *In re Jerry Maharrey*

(Bk.Ct. Case No. SB 95–15295 DN)

Respondent: *James Cole dba Intercept Paralegal Services*

5. CV95–6804–IH: *In re Gloria Sandora*

(Bk.Ct. Case No. SB 95–15232 DN)

Respondent: *Global Express Attorney Services*

6. CV95–7452–IH: *In re Johnny Gibbs*

(Bk.Ct. Case No. SB 95–12735 DN)

Respondent: *Joyce Jacobs*

7. CV95–7453–IH: *In Patricia Zeigler*

(Bk.Ct. Case No. SB 95–17603 DN)

Respondent: *Global Express Attorney Service*

8. CV95–7454–IH: *In re Hazel M. Wright and Mattie O. Wright*

(Bk.Ct. Case No. SB 95–17551 DN)

Respondent: *Don Warren*

9. CV95–7456–IH: *In re Eugene Anthony Duarte*

(Bk.Ct. Case No. SB 95–17324 DN)

Respondent: *Joe Goldwine aka J. Carter, Economy Paralegal*

10. CV95–7923–IH: *In re Mike Gomez and Alicia Gomez*

(Bk.Ct. Case No. SB 95–15203 DN)

Respondent: *Joyce Jacobs*

11. CV95–8240–IH: *In re Stacy Stubbs*

(Bk.Ct. Case No. SB 95–18757 DN)

Respondent: *Maria Flores and Western Enterprises, Inc.*

12. CV95–8241–IH: *In re Jack Doromal and Marirose Doromal*

(Bk.Ct. Case No. SB 95–16605 DN)

Respondent: *James Cole and Intercept Paralegal Services*

13. CV95–8242–IH: *In re Deborah Walker*

(Bk.Ct. Case No. SB 95–20826 DN)

Respondent: *Robert Slaughter and R & D Associates*

14. CV95–8243–IH: *In re Larry Anaya and Nedra Anaya*

(Bk.Ct. Case No. SB 95–16685 DN)

Respondent: *James Cole dba Intercept Paralegal Services*

### APPENDIX E TO GENERAL ORDER 96–3

1. CV95–5225–IH: *In re David T. and Keri Ann Adams*

(Bk.Ct. Case No. SB 95–12218 DN)

Respondent: *Jim Snyder*

2. CV95–5226–IH: *In re Daniel Alexander*

(Bk.Ct. Case No. SB 95–12732 DN)

Respondent: *Joyce Jacobs*

3. CV95–6579–IH: *Juan M. Govea and Irma M. Govea*

(Bk.Ct. Case No. SB 95–15853 DN)

Respondent: *Carlos Rodriguez dba Great Credit*

4. CV95–6803–IH: *In re Jerry Maharrey*

(Bk.Ct. Case No. SB 95–15295 DN)

Respondent: *James Cole dba Intercept Paralegal Services*

5. CV95–6804–IH: *In re Gloria Sandora*

(Bk.Ct. Case No. SB 95–15232 DN)

Respondent: *Global Express Attorney Services*

6. CV95–7452–IH: *In re Johnny Gibbs*

(Bk.Ct. Case No. SB 95–12735 DN)

Respondent: *Joyce Jacobs*

7. CV95–7453–IH: *In Patricia Zeigler*

(Bk.Ct. Case No. SB 95–17603 DN)

Respondent: *Global Express Attorney Service*

8. CV95–7454–IH: *In re Hazel M. Wright and Mattie O. Wright*

(Bk.Ct. Case No. SB 95–17551 DN)

Respondent: *Don Warren*

9. CV95–7456–IH: *In re Eugene Anthony Duarte*

(Bk.Ct. Case No. SB 95–17324 DN)

Respondent: *Joe Goldwine aka J. Carter, Economy Paralegal*

10. CV95–7923–IH: *In re Mike Gomez and Alicia Gomez*

(Bk.Ct. Case No. SB 95–15203 DN)

Respondent: *Joyce Jacobs*

11. CV95–8240–IH: *In re Stacy Stubbs*

(Bk.Ct. Case No. SB 95–18757 DN)

Respondent: *Maria Flores and Western Enterprises, Inc.*

12. CV95–8241–IH: *In re Jack Doromal and Marirose Doromal*

(Bk.Ct. Case No. SB 95–16605 DN)

Respondent: *James Cole and Intercept Paralegal Services*

13. CV95–8242–IH: *In re Deborah Walker*

(Bk.Ct. Case No. SB 95–20826 DN)

Respondent: *Robert Slaughter and R & D Associates*

14. CV95–8243–IH: *In re Larry Anaya and Nedra Anaya*

(Bk.Ct. Case No. SB 95–16685 DN)

Respondent: *James Cole*