In re Sheila PASKEL.

**UNITED STATES TRUSTEE, Plaintiff,**

v.

**Thomas WOMACK, Jr., Defendant.**

Bankruptcy No. 96–43288 S.
Adv. No. 96–4071.

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

Sept. 17, 1996.

512

Jean Madden, Little Rock, AR, for debtor.

David Coop, Chapter 13 Trustee, N. Little Rock, AR.

Thomas Womack, Jr., N. Little Rock, AR, pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the trial of the Complaint by the United States Trustee for injunction and sanctions pursuant to 11 U.S.C. § 110 against Thomas Womack, a bankruptcy petition preparer. This adversary proceeding was filed on April 26, 1996, pursuant to section 110 of the Bankruptcy Code requesting imposition of sanctions and an injunction against Womack for improperly filing bankruptcy petitions and other documents on behalf of debtors. Womack included in his answer a counterclaim against the U.S. Trustee and other persons, a motion to dismiss, a request that debtor's "Caseworker" be sanctioned, that all fees taken from an attorney Michael V. Smith and other black attorneys be returned, that the U.S. Trustee be enjoined from "Jim Crowism" acts; and that a transcription be quashed. Inasmuch as Womack failed in all procedural respects to name or serve the counterclaim defendants, the Court dismissed the counterclaim against these defendants. The Court also denied Womack's request for default against the U.S. Trustee, denied a motion to suppress,[1] and dismissed other unrelated claims and assertions.[2]

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(A) such that the Court

---

1. Womack requested that statements of the debtor, the attorney for the Chapter 13 trustee, and Sharon Clark made at the section 341(a) meeting be suppressed because, although the debtor was under oath, neither the examining attorney nor Sharon Clark were under oath. Womack claimed that this placed false information in the transcript and prevented the debtor from worrying about perjury. Inasmuch as there is neither a requirement nor necessity that examiners at section 341(a) meetings be placed under oath, the motion was denied. At trial, the debtor was placed under oath and was cross-examined by Womack.

2. For example, Womack asserted that the actions of this court and/or the actions of the Arkansas state courts were responsible for the kidnaping of his son and the bombing of the federal building in Oklahoma City. Numerous charges are made of discriminatory treatment toward black debtors and attorneys. In light of this belief, Womack requested that the "Trustee be ordered to return all funds taken from fees of Attorney Michael V. Smith and other black attorneys that defendant worked for and earned money through their attorney fees that were paid by the client but not paid to the black attorney, blocking them from being able to pay defendant."

has the authority to enter a final order in this proceeding. *See generally In re Interpreting 11 U.S.C. § 110 Which Governs Conduct of Non–Lawyer Bankruptcy Petition Preparers and Delineating the Relationship, Powers and Functions of the Bankruptcy Court and the District Court under the Statute,* 198 B.R. 604 (C.D.Cal.1996).[3]

 Section 110 of the Bankruptcy Code provides for injunctive relief and monetary sanctions against "petition preparers"[4] who violate the provisions of that section. Specifically, sections 110(b) through (g) impose affirmative obligations on preparers, including the requirement to identify themselves, place their name, address and social security number on the petition, file a declaration of the fee paid, and provide the debtor with a copy of the documents. Failure to comply with these obligations may subject the preparer to a sanction of not more than $500 for each violation. 11 U.S.C. § 110(b)–(g). The court can disallow any fees paid or payable to the preparer upon a finding that the fees are in excess of the value of services rendered, 11 U.S.C. § 110(h), and may certify to the district court that damages should be awarded, 11 U.S.C. § 110(i). Finally, the court may enjoin specific conduct of the preparer or may enjoin the preparer from acting as a petition preparer. 11 U.S.C. § 110(j). Although the statute recognizes that petition preparers exist, and imposes upon them affirmative obligations, the statute does not thereby condone the unauthorized practice of law. 11 U.S.C. § 110(k) ("Nothing in this section shall be construed to permit activities that are otherwise prohibited by law, including rules and laws that prohibit the unauthorized practice of law.").

 The complaint alleges violations of sections 110(b) (failure to sign documents), (c) (failure to state his social security number), (e) (executing the debtor's signature), and (h) (failing to file a fee disclosure), and

requests that Womack be enjoined both from violating section 110 and from acting as a petition preparer under 11 U.S.C. § 110(j)(1), (2). Womack's counterclaim, as best the Court can construe it, requests that the U.S. Trustee be enjoined from slandering Womack with assertions that Womack is practicing law without a license and that the U.S. Trustee be enjoined from collaborating with the county courts to cause injury or death to defendant or defendant's family. Inasmuch as Womack failed to place any evidence in the record regarding the bizarre allegations in his counterclaim, that pleading will be dismissed.

### *Womack is a "Petition Preparer"*

 A "bankruptcy petition preparer" is "a person, other than an attorney or an employee of an attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a). There is no dispute that Womack is a petition preparer. Indeed, this is virtually admitted in his answer and in his statements in court. He prepares documents for filing[5] with the bankruptcy court on behalf of debtors. His only assertion is that he is not the person to whom payment is made. Rather, Womack asserts that debtor's payment for his services are donations to the Bread From Heaven Ministries. The evidence is clear, however, that payment was made to Womack. The debtor testified that she gave Mr. Womack cash, obtained a receipt, but, that to her recollection, the receipt did not contain any reference to the Bread From Heaven Ministries. She believed she was paying Mr. Womack for legal services. (Indeed, she believed him to be an attorney.) Womack offered no evidence in rebuttal to this testimony other than argument during his cross-examination of the debtor. Even were the Court to construe the statements during cross-examination as evidence, the

---

**3.** Only the provisions of section 110(i) require certification of violations to the district court. In all other subsections, the Bankruptcy Court has the authority to hear and determine the issues and sanctions.

**4.** A "bankruptcy 'petition preparer' means a person, other than an attorney or an employee of an

attorney, who prepares for compensation a document for filing." 11 U.S.C. § 110(a)(1).

**5.** " 'Document for filing' means a petition or any other document prepared for filing by a debtor in a United States bankruptcy court or a United States district court in connection with a case under this title." 11 U.S.C. § 110(a)(2).

Court does not believe Womack. The debtor was an extremely credible witness who was under significant spiritual pressure from Womack to alter her testimony. She tearfully did not, but consistently indicated that the money was given to Womack for his services. From the debtor's credible testimony, in contrast to Womack's untruthful assertions, the Court finds that the funds were given to Womack for his services. Even assuming that Womack was truthful in his assertions, that the monies were given to the Bread From Heaven Ministries, the statute yet applies. The fact that either the debtor or he may have intended the funds as a donation to another entity does not obviate the fact that Womack prepared the documents in exchange for compensation. The statute neither requires that he personally benefit from the funds, nor permits him to hide behind another entity, even a purportedly religious or charitable one. Accordingly, Thomas Womack is a petition preparer within the meaning of section 110(a)(1).

### Section 110(b): Obligation to Sign Documents for Filing

 Section 110(b) imposes an affirmative obligation to sign the petition and imposes a fine for each failure to comply with the statute:

(b)(1) A bankruptcy petition preparer who prepares a document for filing shall sign the document and print on the document the preparer's name and address.

(2) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

The evidence is uncontroverted that Womack failed to place his name and address and failed sign each of the documents he prepared for filing. Womack prepared the following documents each of which are separate forms under the Official Forms as prescribed by the Judicial Conference of the United States:[6] The Voluntary Petition (Form 1), the Schedules (Form 6), The Statement of Financial Affairs (Form 7). Accordingly,

Womack failed to place his name and address and sign his name in three separate documents for filing, see In re Rausch, 197 B.R. 109, 120 (Bankr.D.Nev.1996). But see In re Brokenbrough, 197 B.R. 839 (Bankr.S.D.Ohio 1996), such that he is subject to a fine of not more than $500 for each of the three violations of section 110(b)(1), i.e., a fine of not more than $1,500. The Court determines that Womack's egregious and deceptive conduct merits the full penalty. Accordingly, judgment will be entered under section 110(b) for $1,500.

### Section 110(c): Failure to Include Identifying Number

 Section 110(c) requires the petition preparer to place his social security number on each document for filing.

(c)(1) A bankruptcy petition preparer who prepares a document for filing shall place on the document, after the preparer's signature, an identifying number that identifies individuals who prepared the document.

(2) For purposes of this section, the identifying number of a bankruptcy petition preparer shall be the Social Security account number of each individual who prepared the document or assisted in its preparation.

(3) A bankruptcy petition preparer who fails to comply with paragraph (1) may be fined not more than $500 for each such failure unless the failure is due to reasonable cause.

The evidence is uncontroverted that Womack failed to place his social security number on the three documents. Accordingly, absent reasonable cause, Womack is subject to a fine of not more than $1,500. The Court determines that Womack's egregious and deceptive conduct merits the full penalty. Accordingly, judgment will be entered under section 110(c) for $1,500.

### Section 110(e): Executing the Debtor's Signature

 Section 110(e) prohibits a petition preparer from executing the debtor's signa-

---

**6.** Rule 9009, Fed.R.Bankr.Proc. states that the Official Forms "shall be observed and used,"

although the user may make appropriate alterations.

ture on any document, not merely documents for filing:

(e)(1) A bankruptcy petition preparer shall not execute any document on behalf of a debtor.

(2) A bankruptcy petition preparer may be fined not more than $500 for each document executed in violation of paragraph (1).

The evidence was clear that the debtor did not sign [7] any of the documents submitted to the court as evidence in this bankruptcy case.[8] The evidence also demonstrates that the debtor's mother did not sign the documents, as Womack attempted to imply. Although Womack's denial that he signed the petition and schedules is supported by a comparison of the signatures on his pleadings and the signature affixed for the debtor on the petition, the evidence was uncontroverted that he caused the debtor's signature to be signed by "another."

While the Court believes that Womack should be subject to sanction for his actions in this regard, and while Congress clearly intended to remedy this situation, the statute does not apply. Section 110(e)(1) states the blanket prohibition that the *petition preparer shall not execute* any document on behalf of the debtor. Although it was solely Womack who caused a signature other than the debtor's to be affixed to the documents, there is insufficient evidence that Womack, the petition preparer, actually signed the debtor's name to the documents. Accordingly, he is not subject to sanction under section 110(e)(2) for his violation of paragraph (1).[9]

*Section 110(h)(1): Failure to Disclose Fee*

 Section 110(h) requires the petition preparer to file a statement of the fees received by the debtor:

(h)(1) Within 10 days after the date of the filing of a petition, a bankruptcy petition preparer shall file a declaration under penalty of perjury disclosing any fee received from or on behalf of the debtor within 12 months immediately prior to the filing of the case, and any unpaid fee charged to the debtor.

(2) The court shall disallow and order the immediate turnover to the bankruptcy trustee of any fee referred to in paragraph (1) found to be in excess of the value of services rendered for the documents prepared. An individual debtor may exempt any funds so recovered under section 522(b).

(3) The debtor, the trustee, a creditor, or the United States trustee may file a motion for an order under paragraph (2).

(4) A bankruptcy petition preparer shall be fined not more than $500 for each failure to comply with a court order to turn over funds within 30 days of service of such order.

Under this statute, the Court must first order disallowance and/or disgorgement of the fee to the trustee. The Court has this authority, not only under section 110(h), but also under its inherent authority, 11 U.S.C. § 105(a); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1995), and its independent obligation to review fees, *In re Wilde Horse Enterprises, Inc.*, 136 B.R. 830 (Bankr.C.D.Cal.1991). *See also In re Schweitzer*, 196 B.R. 620, 626 (Bankr.M.D.Fla.1996); *In re McCarthy*, 149 B.R. 162 (Bankr.S.D.Cal.1992) (*sua sponte* ordering hearing, determining appropriate fees, and issuing injunction). If the preparer fails to comply with the order within thirty days, the preparer is subject to an additional fine of up to $500.

7. Although a more inclusive concept than merely the affixing of a signature, *see generally Black's Law Dictionary* 676 (4th ed. 1968), "executing" for purposes of this case merely means that the document was signed.

8. Apparently, the debtor was in jail at the time the petition and attendant schedules were filed.

9. Two other subsections, however, will permit sanction for this action. Section 110(i) permits

recovery of damages for the petition preparer's commission of "any fraudulent, unfair, or deceptive act." This subsection, which requires certification to the district court, was not pleaded by the U.S. Trustee. However, Womack's actions in causing another to affix a signature on behalf of the debtor is a factor to be considered for purposes of section 110(j), providing for injunctive relief.

As discussed above, Womack is a petition preparer because he received compensation for preparing documents for filing. The debtor testified that Womack demanded $500 for his services and that she had paid him $200 in cash funds. The Court finds that the fee received is in excess of the value of Womack's services to the debtor. Although Womack in fact prepared the documents for filing, thereby invoking this Court's jurisdiction, his actions have accomplished little benefit, and, indeed, have harmed debtor. The actions of Womack caused confusion regarding her section 341(a) meeting such that she was in danger of having her case dismissed for failure to appear at those scheduled meetings.[10] She has been required to obtain the services of an attorney to correct omissions and errors on her schedules and has had to endure this proceeding. The value of Womack's services are a negative compared to the monetary harm and distress he caused this debtor. *Compare In re Brokenbrough,* 197 B.R. 839 (Bankr. S.D.Ohio 1996). Accordingly, Womack will be ordered to turnover the sum of $200 to the bankruptcy trustee within thirty (30) days of service of this Order.

### Womack's Defenses

Section 110(b), (c) provides that the fine shall not be imposed if the violations were due to "reasonable cause." Womack makes several assertions in his answer which could be construed as defenses to the complaint.[11] Womack asserts that he is just helping poor people, that he does not receive any funds, and that he did not sign any documents for fear he would be accused of

---

**10.** Indeed, at one point, the case was dismissed due to the debtor's failure to appear at a section 341(a) meeting. That Order was set aside as a clerical error.

**11.** The Court finds that Womack's assertions, apparently intended as defenses that, (1) the debtor is a victim of the "modern day slave market," (2) the debtor is a victim of a CIA drug network; (3) this adversary proceeding is a phase of operation Block–A–Black being conducted by, apparently, the world; and (4) he was unable to face his accuser, are too specious, scandalous and/or impertinent to merit serious discussion.

Womack asserted a desire to question his "accuser," apparently the U.S. Trustee. However,

practicing law without a license. None of these assertions constitute reasonable cause.

Although reasonable cause is not defined by the Bankruptcy Code, it has been held that reasonable cause to violate a statutory requirement exists where the violation is unavoidable through no fault of the violator. *In re Rausch,* 197 B.R. 109, 117 (Bankr. D.Nev.1996). Ignorance of the law does not constitute reasonable cause. *In re Murray,* 194 B.R. 651, 658 (Bankr.D.Ariz.1996). In the instant case, Womack admits that he purposefully violated the statute and proffers no evidence that any of the failures to comply with the statute were unavoidable. The fact that he was fearful his violations of previous Orders of court and of the prohibition against practicing law would be revealed is not an excuse for violating the Bankruptcy Code. Fear of discovery is not grounds for violating the law.

### Section 110(j): Injunctions

The U.S. Trustee has also requested injunctive relief. The statute provides for two types of injunctions:

(j)(1) A debtor for whom a bankruptcy petition preparer has prepared a document for filing, the trustee, a creditor, or the United States trustee in the district in which the bankruptcy petition preparer resides, has conducted business, or the United States trustee in any other district in which the debtor resides may bring a civil action to enjoin a bankruptcy petition preparer from engaging in any conduct in violation of this section or

---

since he failed to even obtain a subpoena, much less comply with the applicable regulations, *see generally* 28 C.F.R. § 16.21–16.29, he was unable to cross-examine the unnamed person he believed to be his accuser. In any event, testimony of the U.S. Trustee or any of his attorneys would be irrelevant to the determination of this action, inasmuch as the issues before the Court relate to Womack's actions regarding the filing of this bankruptcy case, not any action by the U.S. Trustee. Further, a request for such testimony would appear to be offered solely for purposes of harrassment, confusion of the issues, and waste of time, such that the evidence would be subject to exclusion under F.R.E. 403.

from further acting as a bankruptcy petition preparer.

(2)(A) In an action under paragraph (1), if the court finds that—

(i) a bankruptcy petition preparer has—

(I) engaged in conduct in violation of this section or of any provision of this title a violation of which subjects a person to criminal penalty;

(II) misrepresented the preparer's experience or education as a bankruptcy petition preparer; or

(III) engaged in any other fraudulent, unfair, or deceptive conduct; and

(ii) injunctive relief is appropriate to prevent the recurrence of such conduct,

the court may enjoin the bankruptcy petition preparer from engaging in such conduct.

(B) If the court finds that a bankruptcy petition preparer has continually engaged in conduct described in subclause (I), (II), or (III) of clause (i) and that an injunction prohibiting such conduct would not be sufficient to prevent such person's interference with the proper administration of this title, or has not paid a penalty imposed under this section, the court may enjoin the person from acting as a bankruptcy petition preparer.

(3) The court shall award to a debtor, trustee, or creditor that brings a successful action under this subsection reasonable attorney's fees and costs of the action, to be paid by the bankruptcy petition preparer.

11 U.S.C. § 110(j). Thus, the court may enjoin specific conduct of the preparer or may enjoin the preparer from acting as a petition preparer. The U.S. Trustee requests both injunctions. Both are appropriate.

Thomas Womack is well-known to the bankruptcy court of this state. He has filed numerous petitions and motions on his own behalf,[12] *In re Thomas Womack*, No. 88–41880 (Bankr.E.D.Ark. filed Sept. 22, 1988) (chapter 13), dismissed, May 8, 1990, *aff'd*, (E.D.Ark. Jan. 8, 1992); *In re Thomas Womack*, No. 88–40630 (Bankr.E.D.Ark. Chapter 13 case filed Mar. 29, 1988) (dismissed Oct. 28, 1988); *In re Gloria Womack*, 88–42637 (Bankr.E.D.Ark., filed Dec. 29, 1988) (Chapter 13), dismissed Mar. 18, 1991, *aff'd*, No. LR–C–91–384 (E.D.Ark.1991); *In re Thomas Womack*, No. 87–41036 (Bankr.E.D.Ark. May 27, 1987) (Chapter 13 filed; case terminated on Feb. 19, 1988 without discharge); *Gloria Womack v. Fleet Mortgage*, No. 90–4078 (Bankr.E.D.Ark. Mar. 2, 1991) (Order of dismissal); *Gloria Womack v. Derwinski*, No. 90–4128 (Bankr.E.D.Ark. Nov. 2, 1990) (Order of dismissal); *Gloria Womack v. United States*, No. 91–4016 (Bankr.E.D.Ark. Apr. 16, 1991) (Order of dismissal); *In re Allison Warehouse and Transfer Co., Inc.*, 150 B.R. 704 (Bankr.E.D.Ark.1993), and on behalf of other persons, *see, e.g., In re Johnnie Robinson*, 196 B.R. 454 (Bankr.E.D.Ark. Jan. 30, 1996), *appeal dismissed*, No. 96–290 (E.D.Ark. Apr. 22, 1996) (Howard, J.), *appeal dismissed*, No. 96–2695 (8th Cir. Aug. 22, 1996); *In re Alushia Robinson*, 152 B.R. 743 (Bankr.E.D.Ark.1993). Indeed, Mr. Womack's predilection for preying upon unfortunate debtors is so well-known that each judge of this Court has previously entered an Order forbidding the clerk of the bankruptcy court from accepting any documents from Thomas Womack without prior written authorization of the Court. *See* U.S. Trustee Exhibits 5, 6, 7.

For purposes of this case, in order to enjoin a preparer from engaging in any conduct in violation of this section, the Court must find that Womack (1) engaged in fraudulent, unfair, or deceptive conduct and (2) that injunctive relief is appropriate to prevent the recurrence of such conduct. These elements are clearly met: Womack engaged in unfair and deceptive practices. The debtor testified that she was led to believe that Womack was an attorney. Indeed, Womack

---

**12.** Although the Womacks have filed petitions in bankruptcy, they have been unable to obtain a discharge in bankruptcy. This Court has also denied a motion to proceed *in forma pauperis* filed by Thomas Womack. *In re Thomas Womack*, No. 88–41880 (Bankr.E.D.Ark. June 17, 1990).

told the debtor that he had helped others file bankruptcy. Womack caused to be signed the debtor's name, without her knowledge and without her authorization, to the petition and schedules. This is not only a violation of Section 110, but also Rule 9011. The debtor did not even assist in the preparation of the petition and schedules. Womack deliberately and wilfully failed to comply with the affirmative obligations imposed by section 110.

Although injunctive relief under section 110(j)(2)(A) is clearly appropriate, in light of Womack's current and past behavior, it is inconceivable that this narrow injunction is sufficient to prevent Womack's interference with the proper administration of title 11. Womack has filed irrational, rancorous, bad faith motions and pleadings, thereby harrassing innocent third parties, not only in this case, but also in other cases.[13] *See, e.g., In re Johnnie Robinson,* 196 B.R. 454 (Bankr. E.D.Ark. Jan. 30, 1996), *appeal dismissed,* No. 96–290 (E.D.Ark. Apr. 22, 1996) (Howard, J.), *appeal dismissed,* No. 96–2695 (8th Cir. Aug. 22, 1996); *Johnnie Robinson v. Plegge,* 196 B.R. 462 (Bankr.E.D.Ark.1996) (suit against state court judge), *appeal dismissed,* No. 96–290 (E.D.Ark. Apr. 22, 1996) (Howard, J.), *appeal dismissed,* No. 96–2695 (8th Cir. Aug. 22, 1996); *In re Alushia Robinson,* 152 B.R. 743 (Bankr.E.D.Ark.1993). Although each of the judges of these districts have barred documents from being filed by Womack, he has continued, in contravention to the spirit of these Orders, to prey upon the public by taking their money, then ensuring that their cases are dismissed due to his poor advice and service. Finally, Womack has already been enjoined from acting as a petition preparer throughout the state of Arkansas. *U.S. Trustee v. Womack (In re Garrison),* No. 96–40126, AP No. 96–4072 (Bankr.E.D.Ark. July 22, 1996) (Mixon, J.), *appeal filed* (July 26, 1996). Womack has continually engaged in conduct described in section 110(j)(2)(A)(III) and an injunction under section 110(j)(2)(A) clearly will not halt Womack's deceptive practices such that he must be enjoined from any further acts as a bankruptcy petition preparer in this state.

**ORDERED:** as follows:

1. The Counterclaim is DISMISSED with prejudice.

2. Pursuant to 11 U.S.C. § 110(j)(3), the U.S. Trustee is awarded his reasonable attorney's fees and costs of this action. The U.S. Trustee shall submit, within ten (10) days of entry of this Order, an affidavit setting forth his fees and costs, whereupon judgment shall be entered in favor of the U.S. Trustee on the complaint, as follows:

(A) Pursuant to 11 U.S.C. § 110(j)(3), the U.S. Trustee is awarded his reasonable attorney's fees and costs of this action in the sum of ___.

(B) The amount of $1,500 (One Thousand Five Hundred Dollars) is hereby imposed upon Thomas Womack, Jr., pursuant to 11 U.S.C. § 110(b), payable to the Clerk of the U.S. Bankruptcy Court, Room 101, U.S. Courthouse, 600 West Capitol Ave., Little Rock, Arkansas.

(C) A fine in the amount of $1,500 (One Thousand Five Hundred Dollars) is hereby imposed upon Thomas Womack, Jr., pursuant to 11 U.S.C. § 110(c), payable to the Clerk of the U.S. Bankruptcy Court, Room 101, U.S. Courthouse, 600 West Capitol Ave., Little Rock, Arkansas.

(D) Thomas Womack, Jr. is hereby enjoined from engaging in fraudulent, unfair and deceptive conduct, as described in this opinion. 11 U.S.C. § 110(j)(2)(A).

(E) The defendant THOMAS WOMACK, JR., pursuant to 11 U.S.C. § 110(j)(2)(B), is enjoined from acting as a bankruptcy petition preparer in the Eastern and Western Districts of Arkansas.

(F) The defendant THOMAS WOMACK, JR., pursuant to 11 U.S.C. § 110(h)(2) shall turn over to the Chapter

---

**13.** It is interesting to note that, not only did Johnnie Robinson admit that Womack prepared his documents, the type-face from Womack's aged typewriter appears in these files. In addition, many of the more bizarre allegations appearing in Womack's pleadings also appear in the *Johnnie Robinson* file. These include the assertions that there is a plot to harm Womack's son and that, in some manner, this Court and/or the state courts are involved in the bombing of the federal building in Oklahoma City, Oklahoma. Not only are the type-faces identical, the words are the same.

13 trustee, David D. Coop, whose office mailing address is P.O. Box 5006, North Little Rock, Arkansas 72119, and whose office is physically located in the Mercantile Bank Building, #1 Riverfront Place, North Little Rock, Arkansas, the sum of $200.00 (Two Hundred Dollars), in certified funds, which represents the fee paid by the debtor to Thomas Womack, Jr. **Defendant is advised that, pursuant to 11 U.S.C. § 110(h)(4), the failure to remit these funds within thirty (30) days of service of this Order *will* result in a fine of not more than $500.** Turnover within thirty days means that the defendant shall ensure that the trustee *receives* the payment within thirty days of service of this Order.

**IT IS SO ORDERED.**