**In re Ibolya RAUSCH, Debtor.**

**Jack FERM, Appellant,**

**v.**

**U.S. TRUSTEE, Appellee.**

**Nos. CV–S–96–0646–PMP (RLH), BK–S–95–23707–LBR.**

United States District Court, D. Nevada.

July 30, 1997.

Jack Ferm, Ibolya Rausch, Las Vegas, NV, pro se.

Barry H. Jenkins, Las Vegas, NV, U.S. Trustee.

## OPINION

PRO, District Judge.

Appellant Jack Ferm ("Ferm") appeals the Memorandum Decision Regarding Order to Show Cause entered by the United States Bankruptcy Court (D. Nev.) on May 20, 1996. In that Decision, the court fined Ferm $1,000 for violations of 11 U.S.C. § 110(b)(1) and § 110(c)(1), which require that bankruptcy petition preparers place their name, address, signature and social security number ("SSN") on documents they prepare for filing with the bankruptcy court. The bankruptcy court fined Ferm for failing to place his name, address, signature and SSN on several documents filed with the court.

On June 24, 1996, Ferm, filing pro se, filed a Notice of Election to Transfer the Appeal to the District Court Pursuant to 28 U.S.C. § 158(c)(1). Ferm filed his Opening Brief on April 16, 1997 (# 43). On May 30, 1997, the United States Trustee filed its Opening Brief (# 45), and on June 23, 1997, Ferm filed his Reply (# 47).

### I. Standard of Review

The bankruptcy court's findings of fact shall not be set aside by a reviewing court unless those findings are clearly erroneous. *In re Candland*, 90 F.3d 1466, 1469 (9th Cir.1996). Conclusions of law are reviewed de novo. *Havelock v. Taxel (In re Pace)*, 67 F.3d 187, 191 (9th Cir.1995). As there is no dispute as to the facts in the present case, and Ferm's appeal involves only questions of law, the proper standard of review is de novo.

## II. Discussion

Ferm contends that 11 U.S.C. § 110(c) is unconstitutional in three ways: 1) that section 110(c) violates his fundamental right to privacy in his SSN; 2) that the statute violates equal protection; and 3) that section 110(c) violates Ferm's fundamental right to engage in his chosen occupation. Ferm also contends that the statute violates the Privacy Act of 1974, and that reasonable cause existed to excuse his noncompliance with the statute's requirements.

### A. Ferm's Privacy Interest in His SSN

■ Ferm contends that he has a fundamental right to privacy in his SSN, and that the government cannot force him to disclose his SSN in the absence of a compelling governmental interest. In analyzing this issue, this Court must first determine whether Ferm has a fundamental privacy right at stake, and whether 11 U.S.C. § 110(c) interferes with that right. Once this is shown, a court, utilizing strict scrutiny, must determine if the statute is narrowly tailored to serve a compelling state interest. *Washington v. Glucksberg,* —— U.S. ——, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997).

■ Ferm has offered no authority supporting his proposition that privacy in an individual's SSN is a fundamental right.[1] Ferm cites *Greidinger v. Davis,* 988 F.2d 1344 (4th Cir.1993), in support, but *Greidinger* is not dispositive. In *Greidinger,* the court addressed a law requiring that individuals registering to vote disclose their SSNs. The court found that this was an impermissible restriction on the fundamental right to vote, not that privacy in one's SSN was fundamental. *Id.* at 1348. In fact, the Supreme Court has limited fundamental privacy rights to those deemed "fundamental or implicit in the concept of ordered liberty." *Roe v. Wade,* 410 U.S. 113, 152, 93 S.Ct. 705, 726, 35 L.Ed.2d 147 (1973). Such privacy rights normally relate to things such as marriage, procreation, and family relationships. *See Planned Parenthood of Southeastern Penn-*

*sylvania v. Casey,* 505 U.S. 833, 851, 112 S.Ct. 2791, 2806–07, 120 L.Ed.2d 674 (1992).

■ Courts addressing the issue of privacy and SSNs have found that there is no fundamental privacy right prohibiting disclosure. *See Doyle v. Wilson,* 529 F.Supp. 1343, 1348 (D.Del.1982); *McElrath v. Califano,* 615 F.2d 434, 441 (7th Cir.1980). As the right is not fundamental, the statute must only be rationally related to the government interest at issue. *Washington,* —— U.S. at —— ——, 117 S.Ct. at 2270–71. In the present case, Congress enacted 11 U.S.C. § 110(c) as a consumer protection measure to police fraud and abuse by bankruptcy petition preparers. *Marshall v. Bourque (In re Hartman),* 208 B.R. 768, 776 (Bankr.D.Mass. 1997). The purpose behind the law was to identify petition preparers and protect debtors from preparers who lacked legal training and ethics regulation, and to protect them from those who may take unfair advantage of debtors unfamiliar with the bankruptcy system. *In re Hartman,* 208 B.R. at 776, (quoting H.R.Rep. No. 835, 103rd Cong., 2nd Sess. 40–41 (1994)).

■ Requiring bankruptcy petition preparers to list their name, address, signature and SSN is clearly rationally related to the legitimate governmental interest of protecting debtors filing with the bankruptcy court from negligence and fraud. While Ferm may be correct that it is not the best or ideal way to promote the government's interest, rational basis analysis does not require that the method of regulation be narrowly tailored. It may be that private disclosure of Ferm's SSN to only the bankruptcy court, to which he does not object, would be the preferable method of regulation. However, it is not this Court's role to second-guess legislative enactments, and this Court may invalidate such an act of Congress only if it is impermissable according to settled constitutional analysis. Since Ferm has failed to show such a constitutional violation, 11

---

1. The cases cited by Ferm deal with the scope of privacy issues under the Freedom of Information Act, 5 U.S.C. § 552, and not the constitutional parameters of the right of privacy. *See, e.g., Painting Indus. of Hawaii Mkt. Recovery Fund v.* *United States Dep't of the Air Force,* 26 F.3d 1479 (9th Cir.1994); *Minnis v. United States Dep't of Agriculture,* 737 F.2d 784, 787 (9th Cir.1984), *cert. denied,* 471 U.S. 1053, 105 S.Ct. 2112, 85 L.Ed.2d 477 (1985).

U.S.C. § 110(c) was properly applied to his actions.

### B.   Equal Protection

■■■■ Under Equal Protection Clause analysis, a law which treats different groups in a different manner must only be rationally related to a legitimate state interest unless it affects a fundamental right or discriminates based on a suspect or quasi-suspect classification. *Munoz v. Sullivan,* 930 F.2d 1400, 1404 (9th Cir.1991). As discussed above, there is no fundamental right to privacy in one's SSN. The Ninth Circuit has also held that the right to pursue a calling is not a fundamental right for purposes of the Equal Protection Clause. *Country Classic Dairies v. Milk Control Bureau,* 847 F.2d 593, 596 (9th Cir.1988). Therefore, 11 U.S.C. § 110(c) is constitutional if it is rationally related to a legitimate state interest. *See Madarang v. Bermudes,* 889 F.2d 251, 253 (9th Cir.) *cert. denied,* 498 U.S. 814, 111 S.Ct. 54, 112 L.Ed.2d 29 (1990). As discussed above, 11 U.S.C. § 110(c) is rationally related to the legitimate state interest of protecting debtors filing in bankruptcy court. Thus, Ferm can prevail under an Equal Protection Clause analysis only if he proves that 11 U.S.C. § 110(c) is based on a suspect or quasi-suspect classification.

Section 110(a)(1) classifies those who file bankruptcy petitions into two separate groups: attorneys and their employees, and non-attorneys. The United States Trustee, in its brief, points out the differences between attorneys and non-attorneys in this context. Attorneys are readily identifiable through their bar numbers, they must graduate from law school, they must pass bar and professional responsibility exams, they are subject to discipline by the bar and they must meet continuing legal education requirements. They also are subject to lawsuits for malpractice for negligent or intentional misconduct. Attorneys' employees are subject to an attorney's supervision, and the attorney employer is ultimately responsible for their employees' actions.

The distinction between attorneys and non-attorneys for purposes of section 110(c) is rot a suspect not quasi-suspect classification.

Suspect classifications are those such as race and nationality while quasi-suspect classifications are those such as gender. *Benson v. Arizona State Bd. of Dental Examiners,* 673 F.2d 272, 277 n. 15 (9th Cir.1982). Since there is no basis for heightened scrutiny under the Equal Protection Clause and section 110(c) passes the rational basis test, Ferm's argument that the statute is unconstitutional fails.

### C.   Substantive Due Process

■■■ Ferm asserts that he has a fundamental right to work in the employment of his choice, and that section 110(c) unconstitutionally burdens that right. While the right to engage in an occupation is an important right that cannot be denied without due process under the Fifth Amendment, it is not a fundamental right. *See Country Classic,* 847 F.2d at 596.

■■■ If a statute does not impinge on a fundamental right, the government must merely show that the statute at issue serves a legitimate governmental reason, *Madarang,* 889 F.2d at 253. Ferm must show that the governmental regulations are arbitrary and unreasonable, and that they have no relation to legitimate governmental concerns such as public health, safety or general welfare. *See Wedges/Ledges of California v. City of Phoenix,* 24 F.3d 56, 65 (9th Cir. 1994). As articulated above, there is a rational basis for the connection between concerns about protecting those who utilize the bankruptcy system and section 110(c). Additionally, section 110(c) contains procedural mechanisms such as a hearing before the imposition of any remedies. Thus, section 110(c) is constitutional under both a substantive and due process analysis.

### D.   The Privacy Act of 1974

■■■ Ferm presents, without discussion, that there is an issue for this Court of whether 11 U.S.C. § 110(c)(2) & (3) conflicts with 5 U.S.C. § 552a. Section 552a of 5 U.S.C. is known as The Privacy Act, and it regulates the use and dissemination of records contained in a system of records by any agency. However, the definition of an agency in 11 U.S.C. § 552a(a)(1) specifically excepts the

courts of the United States from its coverage. The Privacy Act also creates an exception for disclosures required by federal law. Privacy Act of 1974, Pub.L. No. 93–579, § 7(a)(2)(A). Therefore, there is no conflict warranting a reversal of the bankruptcy court's decision.

*E. Reasonable Cause to Violate § 110(c)*

Section 110(c)(3) provides that "reasonable cause" may excuse noncompliance for the statute's requirements. Ferm contends that his personal security concerns that unauthorized persons may obtain his SSN and utilize it fraudulently excuses his failure to comply with section 110(c). "Reasonable cause" is not defined anywhere in section 110(c)(3). However, courts have held that reasonable cause to violate a statutory requirement exists where the violation is unavoidable through no fault of the violator. *United States Trustee v. Womack (In re Paskel)*, 201 B.R. 511, 518 (Bankr.E.D.Ark. 1996). Where a violation of the statute is purposeful, it is not an excuse for violating the Bankruptcy Code. *Id.* Here Ferm's noncompliance was intentional, as he clearly had the ability to comply with the statute, but chose to deliberately violate section 110(c). Such a situation does not constitute "reasonable cause," and while Ferm's security concerns are clearly justified, they are insufficient to constitute reasonable cause. If these concerns justified noncompliance, every bankruptcy petition preparer would have reasonable cause to violate the statute, which would render the statute entirely ineffective. This Court cannot find that such a meaningless result was the true Congressional intent behind section 110(c).

IT IS THEREFORE ORDERED THAT the Bankruptcy Court's Memorandum Decision Regarding Order to Show Cause is hereby AFFIRMED.