**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACK W. GRAHAM,<br><br>            Plaintiff - Appellant,<br><br>   v.<br><br>AMERICAN GOLF CORPORATION; et al.,<br><br>            Defendants - Appellees. | No. 09-56769<br><br>D.C. No. 2:09-cv-04794-RGK-AJW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted February 15, 2011[**]

Before:     CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

Jack W. Graham appeals pro se from the district court's order dismissing his

civil rights and antitrust action challenging a policy that permits only American

Golf Corporation ("AGC") employees to teach golf at certain public golf courses.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005), and we affirm.

The district court properly dismissed Graham's First Amendment claim because the golf courses are nonpublic fora and the policy is reasonable and viewpoint neutral. *See Perry Educ. Ass'n v. Perry Local Educators' Ass'n,* 460 U.S. 37, 46 (1983) (on public property that is not by tradition or designation a forum for public communication, the state may restrict speech so long as the restriction is reasonable and viewpoint neutral).

The district court properly dismissed Graham's equal protection claim because he does not have a fundamental right to work as a golf instructor, and there is a rational basis for the policy. *See Madarang v. Bermudes*, 889 F.2d 251, 253 (9th Cir. 1990) ("[T]he right to pursue a calling is not a fundamental right for purposes of the Equal Protection Clause." (citation and internal quotation marks omitted)).

The district court properly dismissed Graham's Sherman Act claim because he failed to allege "a substantial effect on interstate commerce generated either by appellees' general business activities or by the alleged antitrust violations themselves[.]" *Musick v. Burke*, 913 F.2d 1390, 1395 (9th Cir. 1990) (citation omitted) (purchase of out-of-state supplies and equipment insufficient to

substantially effect interstate commerce).

Graham's remaining contentions are unpersuasive.

**AFFIRMED.**